Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

M. Carolyn Fuentes, Federal Public Defender's Office, Western District of Texas, San Antonio, TX, for Defendant–Appellant.

---

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM: *

Appealing the Judgment in a Criminal Case, Geronimo Castro–Vargas raises arguments that are foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which held that a prior conviction is a sentencing factor under 8 U.S.C. § 1326(b)(2) and not a separate criminal offense. The Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.

**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jose Luis GOMEZ–GARCIA,
Defendant–Appellant.**

**No. 04–51002.**

**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided June 22, 2005.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office Western

---

District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Suite B–207, M. Carolyn Fuentes, Federal Public Defender's Office Western District of Texas, San Antonio, TX, for Defendant–Appellant.

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM: *

Jose Luis Gomez–Garcia appeals his sentence imposed following his guilty plea to illegal reentry after deportation. He was sentenced to 77 months of imprisonment and three years of supervised release. Gomez–Garcia argues that his sentence is illegal pursuant to *United States v. Booker,* — U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Gomez–Garcia has not established plain error with regard to his *Booker* claim because he has not established that being sentenced under a mandatory guidelines scheme affected his substantial rights. The record does not indicate that the district court "would have reached a significantly different result" under a sentencing scheme in which the guidelines were advisory only. *See United States v. Mares,* 402 F.3d 511, 520–22 (5th Cir.2005), *petition for cert. filed* (Mar. 31, 2005) (No. 04–9517); *United States v. Valenzuela–Quevedo,* 407 F.3d 728, 733–34 (5th Cir.2005); *United States v. Malveaux,* 411 F.3d 558, 560 n. 9 (5th Cir.2005).

Gomez–Garcia also asserts that, under the reasoning of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), 8 U.S.C. § 1326(b) is unconstitutional because it treats a prior conviction as an element of the offense rather than a sentence enhancement. As Gomez–Garcia concedes, his argument is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), but he seeks to preserve the issue for possible Supreme Court review. This court must follow *Almendarez–Torres* "unless and until the Supreme Court itself determines to overrule it." *United States v. Dabeit,* 231 F.3d 979, 984 (5th Cir.2000) (internal quotation marks and citation omitted).

Accordingly, the district court's judgment is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.