**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 9, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40570
c/w No. 04-40572
Summary Calendar

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

MANUEL REYES-RODRIGUEZ,

                                        Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-301-ALL
--------------------

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    In this consolidated appeal, Manuel Reyes-Rodriguez appeals
only from his guilty-plea conviction for illegal reentry
following deportation (No. 04-40572); Reyes-Rodriguez voluntarily
abandons any challenge with respect to the revocation of his
supervised release relating to his prior illegal reentry
conviction (No. 04-40570).

    For the first time on appeal, Reyes-Rodriguez contends that
the "felony" and "aggravated felony" provisions of 8 U.S.C.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 1326(b) are unconstitutional in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). Reyes-Rodriguez acknowledges that this argument is foreclosed, but he seeks to preserve the issue for possible Supreme Court review. <u>See</u> <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 247 (1998); <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000).

He also argues that, in light of <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), the district court plainly erred in sentencing him under a mandatory guidelines system. After <u>Booker</u>, it is clear that application of the federal sentencing guidelines in their mandatory form constitutes error that is plain. <u>See</u> <u>United States v. Valenzuela-Quevedo</u>, 407 F.3d 728, 732-33 (5th Cir. 2005). Reyes-Rodriguez's contention that this error is structural and gives rise to a presumption of prejudice is unavailing. <u>See</u> <u>United States v. Malveaux</u>, ___ F.3d ___ No. 03-41618, 2005 WL 1320362 at *1 n.9 (5th Cir. Apr. 11, 2005). Reyes-Rodriguez must show that the error affected his substantial rights, and he has not done so. <u>See</u> <u>Valenzuela-Quevedo</u>, 407 F.3d at 733-34. The judgment of the district court is therefore AFFIRMED.