UNITED STATES of America, Plaintiff–Appellee,

v.

Gilberto SANCHEZ–CHAPARRO, Defendant–Appellant.

No. 04–50918.
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Decided Aug. 16, 2005.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Henry Joseph Bemporad, Federal Public Defender's Office Western District of Texas, San Antonio, TX, for Defendant–Appellant.

Before REAVLEY, JOLLY and OWEN, Circuit Judges.

PER CURIAM: *

Gilberto Sanchez–Chaparro appeals the sentence imposed following his conviction

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

for being a previously removed alien who was found in the United States, in violation of 8 U.S.C. § 1326.

Sanchez argues that under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), his sentence violates due process because it exceeds the maximum imprisonment and supervised release terms for the offense charged in the indictment. He also argues that under *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the district court erred by increasing the maximum authorized Guidelines sentence based on facts neither admitted by Sanchez nor found by a jury beyond a reasonable doubt and that the district court erred by imposing sentence under mandatory Guidelines.

■ *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), held that a prior conviction is a sentencing factor under 8 U.S.C. § 1326(b)(2) and not a separate criminal offense. *Apprendi* did not overrule *Almendarez–Torres. See Apprendi,* 530 U.S. at 489–90, 120 S.Ct. 2348; *see also United States v. Dabeit,* 231 F.3d 979, 984 (5th Cir.2000) (noting that *Apprendi* expressly declined to overrule *Almendarez–Torres ). Booker* did not overrule *Almendarez–Torres. Booker,* 125 S.Ct. at 756. This court does not have authority to overrule *Almendarez–Torres. See Dabeit,* 231 F.3d at 984. This issue is therefore foreclosed.

■ Sanchez argues that the district court's findings regarding the recency of his release from prison and whether he was on supervised release when he committed the instant offense went beyond the facts of his prior conviction and therefore constitute error under *Booker.* He did not raise this issue below and therefore this court's review is for plain error. *See United States v. Mares,* 402 F.3d 511, 513, 520–

22 (5th Cir.2005), *cert. denied* —— U.S. ——, —— S.Ct. ——, —— L.Ed.2d ——, 2005 WL 816208 (2005). He has not established that the purported error affected the outcome of the district court proceedings and he has therefore failed to establish plain error. *Id.* at 521. Additionally, to the extent that Sanchez is arguing that the *Booker* error is structural and should be presumed prejudicial, this argument is rejected because it is at odds with *Mares,* 402 F.3d at 520–22. *See United States v. Malveaux,* 411 F.3d 558, 561 and n. 9 (5th Cir.2005), *cert. denied* —— U.S. ——, —— S.Ct. ——, —— L.Ed.2d ——, 2005 WL 1670813 (2005).

Even absent a Sixth Amendment violation, in Sanchez's case the district court committed "Fanfan" error by imposing a sentence pursuant to a mandatory application of the Guidelines. *Booker,* 125 S.Ct. at 768; *United States v. Martinez–Lugo,* 411 F.3d 597, 600–01 (5th Cir.2005). Plain error review is applicable because Sanchez did not raise this issue below. *Martinez–Lugo,* 411 F.3d at 600–01. Fanfan error is "error" that is "plain." *See United States v. Valenzuela–Quevedo,* 407 F.3d 728, 732–33 (5th Cir.2005). However, Sanchez has not shown that if the district court would have sentenced him under an advisory rather than a mandatory scheme the result would have been different. He has failed to show prejudice and has thus failed to establish plain error. *See Martinez–Lugo,* 411 F.3d at 600–01. Finally, *Martinez–Lugo* rejected the argument urged by Sanchez that Fanfan error is structural and presumptively prejudicial. *Id.*

For the foregoing reasons the judgment of the district court is AFFIRMED.

the limited circumstances set forth in 5ᴛʜ Cɪʀ.    R. 47.5.4.