United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 16, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-50918
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GILBERTO SANCHEZ-CHAPARRO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:04-CR-591-ALL-FM
--------------------

Before REAVLEY, JOLLY and OWEN, Circuit Judges.

PER CURIAM:*

     Gilberto Sanchez-Chaparro appeals the sentence imposed
following his conviction for being a previously removed alien who
was found in the United States, in violation of 8 U.S.C. § 1326.

     Sanchez argues that under Apprendi v. New Jersey, 530 U.S.
466 (2000), his sentence violates due process because it exceeds
the maximum imprisonment and supervised release terms for the
offense charged in the indictment.  He also argues that under
United States v. Booker, 125 S. Ct. 738 (2005), the district
court erred by increasing the maximum authorized Guidelines

----

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence based on facts neither admitted by Sanchez nor found by a jury beyond a reasonable doubt and that the district court erred by imposing sentence under mandatory Guidelines.

Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), held that a prior conviction is a sentencing factor under 8 U.S.C. § 1326(b)(2) and not a separate criminal offense. Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; see also United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000) (noting that Apprendi expressly declined to overrule Almendarez-Torres). Booker did not overrule Almendarez-Torres. Booker, 125 S. Ct. at 756. This court does not have authority to overrule Almendarez-Torres. See Dabeit, 231 F.3d at 984. This issue is therefore foreclosed.

Sanchez argues that the district court's findings regarding the recency of his release from prison and whether he was on supervised release when he committed the instant offense went beyond the facts of his prior conviction and therefore constitute error under Booker. He did not raise this issue below and therefore this court's review is for plain error. See United States v. Mares, 402 F.3d 511, 513, 520-22 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517). He has not established that the purported error affected the outcome of the district court proceedings and he has therefore failed to establish plain error. Id. at 521. Additionally, to the extent that Sanchez is arguing that the Booker error is structural and

should be presumed prejudicial, this argument is rejected because it is at odds with Mares, 402 F.3d at 520-22. See United States v. Malveaux, 411 F.3d 558, 561 and n.9 (5th Cir. 2005), petition for cert. filed (July 11, 2005) (No. 05-5297).

Even absent a Sixth Amendment violation, in Sanchez's case the district court committed "Fanfan" error by imposing a sentence pursuant to a mandatory application of the Guidelines. Booker, 125 S. Ct. at 768; United States v. Martinez-Lugo, _ F.3d _, No. 04-40478, 2005 WL 1331282 at *2 (5th Cir. June 7, 2005). Plain error review is applicable because Sanchez did not raise this issue below. Martinez-Lugo, 2005 WL 1331282 at *2. Fanfan error is "error" that is "plain." See United States v. Valenzuela-Quevedo, 407 F.3d 728, 732-33 (5th Cir. 2005). However, Sanchez has not shown that if the district court would have sentenced him under an advisory rather than a mandatory scheme the result would have been different. He has failed to show prejudice and has thus failed to establish plain error. See Martinez-Lugo, 2005 WL 1331282 at *2. Finally, Martinez-Lugo rejected the argument urged by Sanchez that Fanfan error is structural and presumptively prejudicial. Id.

For the foregoing reasons the judgment of the district court is AFFIRMED.