U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), he is incorrect; nothing in *Booker* suggests that the rule of *Almendarez–Torres* has been disturbed. *Booker,* 125 S.Ct. at 756.

Palencia additionally argues, also for the first time on appeal, that the district court erred in sentencing him under a mandatory sentencing guidelines scheme, citing *Booker.* He acknowledges that the argument is reviewed for plain error but contends that he does not have to demonstrate any effect on his substantial rights because the error is structural and because prejudice should be presumed.

Plain error is the correct standard of review. *See United States v. Malveaux,* 411 F.3d 558, 561 n. 9 (5th Cir.2005), *petition for cert. filed* (July 11, 2005) (No. 05–5297). The district court committed error that is plain when it sentenced Palencia under a mandatory sentencing guidelines regime. *See United States v. Valenzuela–Quevedo,* 407 F.3d 728, 733 (5th Cir.2005), *petition for cert. filed* (July 25, 2005) (No. 05–5556); *United States v. Mares,* 402 F.3d 511, 520–21 (5th Cir.2005), *petition for cert. filed* (Mar. 31, 2005) (No. 04–9517). Palencia, however, fails to meet his burden of showing that the district court's error affected his substantial rights because he points to nothing in the record indicating that the district court would have imposed a lesser sentence under an advisory scheme. *See Valenzuela–Quevedo,* 407 F.3d at 733–34; *Mares,* 402 F.3d at 521.

The district court's judgment is AFFIRMED.

**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Roberto GAMBOA–FIERRO,
Defendant–Appellant.**

**No. 04–41342
Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Aug. 17, 2005.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Timothy William Crooks, Assistant Federal Public Defender, Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM: *

Roberto Gamboa–Fierro appeals from his guilty-plea conviction for illegal reentry following deportation. For the first time on appeal, Gamboa–Fierro argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional in light of *Apprendi v. New Jersey,*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Gamboa–Fierro concedes that this argument is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). *See United States v. Dabeit,* 231 F.3d 979, 984 (5th Cir.2000).

Also for the first time on appeal, Gamboa–Fierro argues that the district court erred in sentencing him under a mandatory sentencing guidelines scheme. *See United States v. Booker,* — U.S. —, 125 S.Ct. 738, 756, 160 L.Ed.2d 621 (2005). Gamboa–Fierro acknowledges that this argument is reviewed for plain error, but argues that he does not have to show that the district court's error affected his substantial rights because the error is structural and because prejudice should be presumed.

Plain error is the correct standard of review. *See United States v. Malveaux,* 411 F.3d 558, 560 n. 9 (5th Cir.2005), *petition for cert. filed* (July 11, 2005) (No. 05–5297). The district court committed error that is plain when it sentenced Gamboa–Fierro under a mandatory sentencing guidelines regime. *See United States v. Valenzuela–Quevedo,* 407 F.3d 728, 733 (5th Cir.2005), *petition for cert. filed* (July 25, 2005) (No. 05–5556); *United States v. Martinez–Lugo,* 411 F.3d 597, 601 (5th Cir.2005). Gamboa–Fierro fails to meet his burden of showing that the district court's error affected his substantial rights. *See Valenzeuela–Quevedo,* 407 F.3d at 733–34; *United States v. Mares,* 402 F.3d 511, 521 (5th Cir.2005), *petition for cert. filed* (Mar. 31, 2005) (No. 04–9517); *see also United States v. Bringier,* 405 F.3d 310, 317 n. 4 (5th Cir.2005), *peti-*

*tion for cert. filed* (July 26, 2005)(No. 05–5535).

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.