**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jose RAMIREZ–GARCIA,
Defendant–Appellant.**

No. 03–41044.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Aug. 17, 2005.

James Lee Turner, Assistant U.S. Attorney, David Hill Peck, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, H Michael Sokolow, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM: *

Jose Ramirez–Garcia appeals the sentence imposed following his guilty-plea conviction for illegal reentry after deportation following a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326. As Ramirez–Garcia concedes, his argument that the sentencing provisions in 8 U.S.C. § 1326(a) and (b) are unconstitutional is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct.

1219, 140 L.Ed.2d 350 (1998). *See Apprendi v. New Jersey,* 530 U.S. 466, 489–90, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); *United States v. Dabeit,* 231 F.3d 979, 984 (5th Cir.2000).

Ramirez–Garcia argues, for the first time on appeal, that the district court erred in sentencing him under a mandatory sentencing guidelines scheme, citing *United States v. Booker,* —— U.S. ——, ——, 125 S.Ct. 738, 756, 160 L.Ed.2d 621 (2005). He acknowledges that the argument is reviewed for plain error but contends that prejudice should be presumed.

Plain error is the correct standard of review. *See United States v. Malveaux,* 411 F.3d 558, 560 (5th Cir.2005), *petition for cert. filed* (July 11, 2005) (No. 05–5297). The district court committed error that is plain when it sentenced Ramirez–Garcia under a mandatory sentencing guidelines regime. *See United States v. Valenzuela–Quevedo,* 407 F.3d 728, 733 (5th Cir.2005), *petition for cert. filed* (July 25, 2005) (No. 05–5556); *United States v. Martinez–Lugo,* 411 F.3d 597, 600 (5th Cir.2005). Ramirez–Garcia, however, fails to meet his burden of showing that the district court's error affected his substantial rights. *See Valenzeuela–Quevedo,* 407 F.3d at 733–34; *United States v. Mares,* 402 F.3d 511, 521 (5th Cir.2005), *petition for cert. filed* (Mar. 31, 2005) (No. 04–9517).

The district court's judgment is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.