**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jose TREVINO–SAENZ, also known as Victor Manuel Martinez, Defendant–Appellant.**

No. 04–40799.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Aug. 17, 2005.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Roland E. Dahlin, II, Federal Public Defender, Margaret Christina Ling, Assistant Federal Public Defender, Norman E. McInnis, Assistant Federal Public Defender, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM: *

Jose Trevino–Saenz appeals his sentence following his guilty-plea conviction of one charge of illegal reentry into the United States. Trevino–Saenz argues that the district court erred in sentencing him under a mandatory sentencing guidelines scheme. He acknowledges that this claim is reviewed for plain error only.

■ The district court committed error that is plain by sentencing Trevino–Saenz under a mandatory sentencing guidelines regime. *See United States v. Mares,* 402 F.3d 511, 520–21 (5th Cir. 2005), *petition for cert. filed* (Mar. 31, 2005) (No. 04–9517); *United States v. Valenzuela–Quevedo,* 407 F.3d 728, 732 (5th Cir.2005), *petition for cert. filed* (July 25, 2005) (No. 05–5556). Nevertheless, Trevino–Saenz has not carried his burden of showing that the district court's error affected his substantial rights. *See Valenzuela–Quevedo,* 407 F.3d at 733–34; *Mares,* 402 F.3d at 521. Trevino–Saenz's contention that this error is structural and gives rise to a presumption of prejudice is unavailing. *See United States v. Malveaux,* 411 F.3d 558, 560 n. 9 (5th Cir. 2005), *petition for cert. filed* (July 11, 2005) (No. 05–5297); *see also United States v. Martinez–Lugo,* 411 F.3d 597, 600–01 (5th Cir.2005). Trevino–Saenz has not shown that he should receive relief on this claim.

Trevino–Saenz's argument that the sentencing provisions in 8 U.S.C. § 1326(b) are unconstitutional is, as he concedes, foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 247, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). *See Apprendi v. New Jersey,* 530 U.S. 466, 489–490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

Trevino–Saenz has shown no reversible error in the district court's judgment. Consequently, that judgment is AFFIRMED.

the limited circumstances set forth in 5TH CIR. R. 47.5.4.