**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Roberto CASTRO–SANTOYO,**
**Defendant–Appellant.**

No. 04–40804.

Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Aug. 17, 2005.

James Lee Turner, Assistant U.S. Attorney, Houston, TX, for Plaintiff–Appellee.

Timothy William Crooks, Assistant Federal Public Defender, Marjorie A. Meyers, Federal Public Defender, Jeffrey L. Wilde, Assistant Federal Public Defender, Houston, TX, for Defendant–Appellant.

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM: *

Roberto Castro–Santoyo appeals the sentence imposed following his guilty-plea conviction for being present unlawfully in the United States following deportation. For the first time on appeal, Castro argues that the sentence enhancing provisions contained in 8 U.S.C. §§ 1326(b)(1) and (b)(2) are unconstitutional and that if that if *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), is overruled, the district court's application of a 16–level enhancement would be unconstitutional under *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). As Castro concedes, these arguments are foreclosed by the Supreme Court's decision in *Almendarez–Torres,* 523 U.S. at 235, 118 S.Ct. 1219. *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), did not overrule *Almendarez–Torres. See Apprendi,* 530 U.S. at 489–90, 120 S.Ct. 2348; *United States v. Dabeit,* 231 F.3d 979, 984 (5th Cir.2000). The Supreme Court's decisions in *Blakely* and *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), did not overrule *Almendarez–*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Torres.* *See Booker,* 125 S.Ct. at 756; *Blakely,* 124 S.Ct. at 2536–43. This court must follow the precedent set in *Almendarez–Torres* "unless and until the Supreme Court itself determines to overrule it." *Dabeit,* 231 F.3d at 984 (quotation marks omitted).

For the first time in his supplemental letter brief, Castro argues that the district court committed plain error under *Booker* by sentencing him pursuant to a mandatory application of the sentencing guidelines. He asserts that the error was plain because it was structural or because prejudice should otherwise be presumed. He maintains that the district court may have given him a lesser sentence if it had known that the guidelines were advisory because it sentenced him at the bottom of the guidelines range and because his family would suffer hardship if he were incarcerated for a substantial amount of time, a factor that the guidelines discourage courts from considering.

We review for plain error. *See United States v. Valenzuela–Quevedo,* 407 F.3d 728, 732 (5th Cir.2005), *petition for cert. filed* (July 25, 2005) (No. 05–5556). The district court's error was not structural and prejudice is not presumed. *See United States v. Martinez–Lugo,* 411 F.3d 597, 601 (5th Cir.2005); *United States v. Malveaux,* 411 F.3d 558, 561 n. 9 (5th Cir. 2005), *petition for cert. filed* (July 11, 2005) (No. 05–5297). Although the district court may have been sympathetic to him, Castro has not shown that he was prejudiced or that the district court committed plain error. *See United States v. Creech,* 408 F.3d 264, 272 (5th Cir.2005) (mere sympathy to defendant is insufficient); *United States v. Bringier,* 405 F.3d 310, 317 & n. 4 (5th Cir.2005) (sentence at bottom of guidelines range is insufficient), *petition for cert. filed* (July 26, 2005) (No. 05–5535); *see also Martinez–Lugo,* 411 F.3d at 600 (plain er-

ror analysis is the same for Sixth Amendment *Booker* error and *Fanfan* error).

AFFIRMED.