United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 17, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-41044
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE RAMIREZ-GARCIA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:02-CR-1404-ALL
--------------------

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jose Ramirez-Garcia appeals the sentence imposed following his guilty-plea conviction for illegal reentry after deportation following a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326. As Ramirez-Garcia concedes, his argument that the sentencing provisions in 8 U.S.C. § 1326(a) and (b) are unconstitutional is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998). <u>See</u> <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 489-90 (2000); <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Ramirez-Garcia argues, for the first time on appeal, that the district court erred in sentencing him under a mandatory sentencing guidelines scheme, citing United States v. Booker, 125 S. Ct. 738, 756 (2005). He acknowledges that the argument is reviewed for plain error but contends that prejudice should be presumed.

Plain error is the correct standard of review. See United States v. Malveaux, 411 F.3d 558, 560 (5th Cir. 2005), petition for cert. filed (July 11, 2005) (No. 05-5297). The district court committed error that is plain when it sentenced Ramirez-Garcia under a mandatory sentencing guidelines regime. See United States v. Valenzuela-Quevedo, 407 F.3d 728, 733 (5th Cir. 2005), petition for cert. filed (July 25, 2005) (No. 05-5556); United States v. Martinez-Lugo, 411 F.3d 597, 600 (5th Cir. 2005). Ramirez-Garcia, however, fails to meet his burden of showing that the district court's error affected his substantial rights. See Valenzeuela-Quevedo, 407 F.3d at 733-34; United States v. Mares, 402 F.3d 511, 521 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517).

The district court's judgment is AFFIRMED.