United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 17, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40765
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALBERTO JAMES GAMES-FORBES, also known as
Alberto A. James-Forbs,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-193-1
--------------------

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Alberto James Games-Forbes appeals the sentence imposed
following his guilty plea to illegal reentry into the United
States following deportation.  Games was sentenced to a term of
imprisonment of 57 months to be followed by a three-year term of
supervised release.

Games argues for the first time on appeal that <u>Almendarez-
Torres v. United States</u>, 523 U.S. 224 (1998), has been undercut
by subsequent Supreme Court decisions, including <u>Apprendi v. New</u>

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Jersey, 530 U.S. 466 (2000), and that if Almendarez-Torres is overruled, the felony and aggravated felony provisions of 8 U.S.C. § 1326(b)(1) and (2) would be rendered unconstitutional. He argues that his conviction would then be reduced to the lesser offense under 8 U.S.C. § 1326(a) and that he could not be resentenced to more than two years of imprisonment. Games recognizes that his argument is foreclosed but wishes to preserve it for further review.

Almendarez-Torres held that the enhanced penalties contained in 8 U.S.C. § 1326(b) were sentencing factors and not elements of the offense. 523 U.S. at 235. Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000). This court must follow the precedent set in Almendarez-Torres unless the Supreme Court overrules it. Dabeit, 231 F.3d at 984. Games's challenge to the constitutionality of 8 U.S.C. § 1326(b) is without merit.

Games argues that his sentence was imposed pursuant to an unconstitutional mandatory guidelines system, which was reversible plain error in light of United States v. Booker, 125 S. Ct. 738 (2005). He argues that it is likely that the district court would have imposed a lesser sentence because it imposed a sentence at the bottom of the sentencing guidelines range and because of his youth when he committed a prior felony offense. He argues in the alternative that the error was

structural and that prejudice should be presumed.  He contends that even if the error was not structural, it presumably affected his substantial rights and the fairness and integrity of the judicial proceeding.

After <u>Booker</u>, it is clear that application of the federal sentencing guidelines in their mandatory form constitutes error that is plain.  See <u>United States v. Valenzuela-Quevedo</u>, 407 F.3d 728, 732-33 (5th Cir. 2005), <u>petition for cert. filed</u> (July 25, 2005) (No. 05-5556).  Games's contention that this error is structural and gives rise to a presumption of prejudice is unavailing.  See <u>United States v. Malveaux</u>, 411 F.3d 558, 560-61 n.9 (5th Cir. 2005), <u>petition for cert. filed</u> (July 11, 2005) (No. 05-5297).  Games must show that the error affected his substantial rights, and he has not done so.  See <u>Valenzuela-Quevedo</u>, 407 F.3d at 733-34.

AFFIRMED.