United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 17, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40825
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PABLO MEZA BALLEZA, also known as
Cipriano Acosta-Avalos,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-52-ALL
--------------------

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Pablo Meza Balleza appeals his sentence imposed following

his guilty plea to illegal reentry after deportation after having

been convicted of an aggravated felony.  He was sentenced to 77

months of imprisonment and three years of supervised release.  He

argues that, in light of United States v. Booker, 125 S. Ct. 738

(2005), his sentence is invalid because the district court

applied the Sentencing Guidelines as if they were mandatory.  We

review for plain error.  United States v. Mares, 402 F.3d 511,

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

513, 520-22 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517); United States v. Valenzuela-Quevedo, 407 F.3d 728, 732-34 (5th Cir. 2005), petition for cert. filed (July 25, 2005) (No. 05-5556).

Balleza is unable to establish plain error with regard to his Booker claim because he cannot establish that being sentenced under a mandatory Guidelines scheme affected his substantial rights. The record does not indicate that the district court "would have reached a significantly different result" under a sentencing scheme in which the Guidelines were advisory only. See Mares, 402 F.3d at 520-22; Valenzuela-Quevedo, 407 F.3d at 733-34; United States v. Malveaux, 411 F.3d 558, 561 n.9 (5th Cir. 2005), petition for cert. filed (July 11, 2005) (No. 05-5297).

Balleza also asserts that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(a) and (b) are unconstitutional. He acknowledges that his argument is foreclosed, but he seeks to preserve the issue for possible Supreme Court review in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). This issue is foreclosed. See Almendarez-Torres v. United States, 523 U.S. 224, 247 (1998); United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).

Accordingly, the judgment of the district court is AFFIRMED.