United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 17, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41577
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERTO RIVERA-MENDEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-503-1
--------------------

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Roberto Rivera-Mendez appeals his guilty-plea conviction and sentence for illegal reentry following deportation. Rivera-Mendez contends that his sentence is invalid in light of United States v. Booker, 125 S. Ct. 738 (2005), because the sentencing judge applied the sentencing guidelines as if they were mandatory. We review for plain error. United States v. Valenzuela-Quevedo, 407 F.3d 728, 732 (5th Cir. 2005), petition for cert. filed (July 25, 2005) (No. 05-5556); United States v.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Malveaux, 411 F.3d 588, 560 (5th Cir. 2005), petition for cert. filed (July 11, 2005) (No. 05-5297). To prevail under a plain error analysis, Rivera-Mendez must show an error that is plain and that affects his substantial rights. United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005)(No. 04-9517).

To demonstrate that the plain error affected his substantial rights, Rivera-Mendez has the burden of showing that the error "affected the outcome of the district court proceedings." Valenzuela-Quevedo, 407 F.3d at 733 (internal quotations and citation omitted). He must demonstrate "that the sentencing judge--sentencing under an advisory scheme rather than a mandatory one--would have reached a significantly different result." Mares, 402 F.3d at 521.

As Rivera-Mendez concedes, he cannot show prejudice as there is nothing in the record to suggest that his sentence would have been any less had the court applied the sentencing guidelines as advisory rather than mandatory. See Valenzuela-Quevedo, 407 F.3d at 733-34. He thus fails to establish prejudice to his substantial rights. The judgment of the district court is AFFIRMED.