UNITED STATES of America,
Plaintiff–Appellee,

v.

Kevin Ray HALL, Defendant–Appellant.

No. 04–20326.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Aug. 24, 2005.

---

404

Mitchel Neurock, U.S. Attorney's Office Southern District of Texas, Laredo, TX, for Plaintiff–Appellee.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Richard O. Ely, Assistant Federal Public Defender, Marjorie A. Meyers, Federal Public Defender, Margaret Christina Ling, Assistant Federal Public Defender, Samy K. Khalil, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

### ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

PER CURIAM: *

We previously affirmed the sentence imposed following Kevin Ray Hall's resentencing. *United States v. Hall,* No. 04–20326 (5th Cir. Jan. 14, 2005) (unpublished). The Supreme Court has vacated and remanded for further consideration in light of *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). We requested and received supplemental letter briefs addressing the impact of *Booker.*

Hall argues that his Sixth Amendment rights were violated because his guidelines range and sentence were increased based on the district court's finding that the firearm he possessed was stolen. He also contends that the district court erred by sentencing him under a mandatory guidelines scheme. Hall asserts that the error in applying the guidelines as mandatory is structural and that prejudice should be presumed.

Hall concedes that his structural error and presumed prejudice arguments are foreclosed and raises them simply to preserve further review. *See United States v. Malveaux,* 411 F.3d 558, 561 n. 9 (5th Cir.2005), *cert. denied* —— U.S. ——, 126 S.Ct. 194, —— L.Ed.2d —— (2005). Because Hall did not raise Sixth Amendment error or the mandatory application of the guidelines as issues before the district court, plain error review applies. *See United States v. Mares,* 402 F.3d 511, 520–21 (5th Cir.2005), *cert. denied* —— U.S. ——, 126 S.Ct. 43, —— L.Ed.2d —— (2005). This court may correct forfeited errors only when the appellant shows the following factors: (1) there is an error, (2) that is clear or obvious, and (3) that affects his substantial rights. *United States v. Calverley,* 37 F.3d 160, 162–64 (5th Cir. 1994) (en banc) (citing *United States v.*

---

\* Pursuant to 5ᴛʜ Cɪʀ. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᴛʜ Cɪʀ. R. 47.5.4.

*Olano,* 507 U.S. 725, 731–37, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)). If these factors are established, the decision to correct the forfeited error is within the sound discretion of the court, and the court will not exercise that discretion unless the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Olano,* 507 U.S. at 735–36, 113 S.Ct. 1770.

To establish plain error under *Mares,* Hall must demonstrate that the district court would have reached a significantly different result had he been sentenced under advisory guidelines. *Mares,* 402 F.3d at 521. As Hall concedes, he cannot make this showing.

In our prior decision, we held that Hall's challenge to the sufficiency of the evidence of interstate commerce was barred by the law of the case doctrine. Because *Booker* does not change this result, that portion of our prior decision is reinstated.

The judgment of the district court is AFFIRMED.