**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 24, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40183
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS MANUEL SAYAS-MONTOYA,

Defendant-Appellant.

* * * * *
Consolidated with
No. 04-40213
* * * * *

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS MANUEL SAYAS,

Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Southern District of Texas
USDC No. 1:03-CR-815-1
--------------------

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

This court affirmed the conviction and sentence of Luis Manuel Sayas-Montoya. See United States v. Sayas-Montoya, 115 Fed. Appx. 298 (5th Cir. 2004). The Supreme Court vacated and remanded for further consideration in light of United States v. Booker, 125 S. Ct. 738 (2005). See De La Cruz v. United States, 125 S. Ct. 1995 (2005). This court requested and received supplemental letter briefs addressing the impact of Booker.

Sayas-Montoya argues that the district court erred in sentencing him pursuant to a mandatory application of the Guidelines. He concedes that he did not raise this issue in the district court and that review is for plain error only. He further argues that this error is structural and that prejudice should be presumed. He contends that this claim is not precluded by the appellate waiver clause in his plea agreement because he retained his right to challenge an illegal sentence.

We agree that Sayas-Montoya's Booker-based challenge to his sentence is not precluded by the waiver because the claim presented falls within the waiver's exception. Nevertheless, Sayas-Montoya is not entitled to relief. His contention that the error arising from the district court's erroneous belief that the Guidelines were mandatory is structural and gives rise to a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

presumption of prejudice is foreclosed.  See <u>United States v. Malveaux</u>, 411 F.3d 558, 560 n.9 (5th Cir. 2005), <u>petition for cert. filed</u> (July 11, 2005) (No. 05-5297); <u>see also</u> <u>United States v. Martinez-Lugo</u>, 411 F.3d 597, 600-01 (5th Cir. 2005).  Further, Sayas-Montoya is not entitled to relief under the plain-error standard because he has not shown that his sentence would have been significantly different if the district court had proceeded under an advisory Guidelines system.  See <u>United States v. Mares</u>, 402 F.3d 511, 521 (5th Cir. 2005), <u>petition for cert. filed</u> (Mar. 31, 2005) (No. 04-9517); <u>see also</u> <u>United States v. Valenzuela-Quevedo</u>, 407 F.3d 728, 732-33 (5th Cir. 2005), <u>petition for cert. filed</u> (July 25, 2005) (No. 05-5556).

Because nothing in the Supreme Court's <u>Booker</u> decision requires us to change our prior affirmance in this case, we reinstate our judgment affirming Sayas-Montoya's conviction and sentence.

AFFIRMED.