United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 29, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 04-41570
Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIO RIOS-DOMINGUEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-557-ALL
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Mario Rios-Dominguez appeals the 37-month sentence imposed by the district court following his guilty-plea conviction for being an alien found illegally in the United States after deportation following conviction of an aggravated felony, in violation of 8 U.S.C. § 1326. The Government seeks to enforce the waiver-of-appeal provision in Rios-Dominguez's plea agreement. Rios-Dominguez waived, inter alia, "the right to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appeal the sentence imposed or the manner in which it was determined," except for a sentence above the statutory maximum or an upward departure from the applicable sentencing guidelines range. Rios-Dominguez contends that this waiver provision is not enforceable because, at his rearraignment, the magistrate judge incorrectly told him that he retained the right to appeal "any illegal sentence." Because the magistrate judge's statement regarding the parameters of the reserved right to appeal inaccurately described the waiver provision, Rios-Dominguez's waiver cannot be deemed knowing and voluntary with respect to "any illegal sentence." See FED. R. CRIM. P. 11(b)(1)(N); United States v. Robinson, 187 F.3d 516, 517 (5th Cir. 1999).

For the first time on appeal, Rios-Dominguez argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). This argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998). See United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).

Also for the first time on appeal, Rios-Dominguez argues that the district court erred in sentencing him under a mandatory sentencing guidelines scheme. See United States v. Booker, 125 S. Ct. 738, 756 (2005). Rios-Dominguez acknowledges that this argument is reviewed for plain error, but argues that he does not have to show that the district court's error affected her

substantial rights because the error is structural and because prejudice should be presumed.

Plain error is the correct standard of review. See United States v. Malveaux, 411 F.3d 558, 560 n.9 (5th Cir. 2005), petition for cert. filed (July 11, 2005) (No. 05-5297). The district court committed error that is plain when it sentenced Rios-Dominguez under a mandatory sentencing guidelines regime. See United States v. Valenzuela-Quevedo, 407 F.3d 728, 733 (5th Cir. 2005), petition for cert. filed (July 25, 2005) (No. 05-5556); United States v. Martinez-Lugo, 411 F.3d 597, 601 (5th Cir. 2005). Rios-Dominguez fails to meet his burden of showing that the district court's error affected his substantial rights. See Valenzeuela-Quevedo, 407 F.3d at 733-34; United States v. Mares, 402 F.3d 511, 521 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517); see also United States v. Bringier, 405 F.3d 310, 317 n.4 (5th Cir. 2005), petition for cert. filed (July 26, 2005) (No. 05-5535).

AFFIRMED.