United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 11, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-41618
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL MALVEAUX,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:03-CR-86-1

_____

ON REMAND FROM THE SUPREME COURT
OF THE UNITED STATES

Before HIGGINBOTHAM and DAVIS, Circuit Judges.[*]

PER CURIAM:[**]

Michael Malveaux contends that his Sixth Amendment rights were

violated under United States v. Booker[1] because the district court

sentenced him under a mandatory Sentencing Guidelines regime, and

_____

[*] This appeal is being decided by a quorum due to the retirement of Judge Pickering. 28 U.S.C. § 46(d).

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] 125 S. Ct. 738 (2005).

enhanced his sentence based on facts not admitted by him or found by a jury.  We find that Malveaux is not entitled to resentencing.

Malveaux pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  After assessing a four-level enhancement based on a finding that Malveaux used or possessed a firearm in connection with another felony offense , the district court sentenced him to 80 months' imprisonment.  Malveaux appealed his conviction and sentence on grounds that there was no evidence that he possessed a firearm in connection with another felony offense, and we affirmed.[2]  Malveaux then filed a petition for writ of certiorari to the Supreme Court in which he argued that his sentence was unconstitutional in light of <u>Blakely v. Washington</u>.[3]  Following the release of <u>Booker</u>, the Court vacated our judgment and remanded for further consideration in light of <u>Booker</u>.[4]

Because Malveaux did not raise a Sixth Amendment challenge to his sentence at trial, we review his <u>Booker</u> claim for plain error only.  "We find plain error when: (1) there was an error; (2) the error was clear and obvious; and (3) the error affected the

_____

[2] <u>United States v. Malveaux</u>, 104 Fed. Appx. 430, 2004 WL 1835992 (5th Cir.).

[3] 124 S. Ct. 2531 (2004).

[4] <u>Malveaux v. United States</u>, 125 S. Ct. 1067 (2005) (mem.).

2

defendant's substantial rights."[5]  Malveaux satisfies the first prong of the plain error test as the district court enhanced his sentence based on findings "that went beyond the facts admitted by [him] or found by the jury."[6]  In addition, he satisfies the second prong as the law making the error plain was settled at the time of appellate review.[7]

Malveaux cannot establish, however, that the district court's error affected his substantial rights.  Specifically, Malveaux has "not shown, with a probability sufficient to undermine confidence in the outcome, that if the judge had sentenced him under an advisory sentencing regime rather than a mandatory one, he would have received a lesser sentence."[8]  Based on facts properly found by the district judge,[9] Malveaux's total offense level of 21 and criminal history category of V yielded a sentencing range of 70 to

---

[5] United States v. Infante, 2005 WL 639619, at *13 (5th Cir. March 21, 2005) (citing United States v. Olano, 507 U.S. 725, 732-37 (1993)).

[6] See United States v. Mares, 2005 WL 503715, at *8 (5th Cir. March 4, 2005).

[7] Id.

[8] Infante, 2005 WL 639619, at *13.

[9] Malveaux contends that properly understood, Booker prohibits a judge from finding any facts used to enhance a sentence.  This contention is in the teeth of our holding in Mares that post-Booker, judges may still find all facts relevant to sentencing. Mares, 2005 WL 503715, at *7.  We decline to reconsider our decision in Mares. In addition, we reject Malveaux's argument that Booker error is structural and insusceptible to harmless error analysis, and that Booker error should be presumed prejudicial, as both claims are in conflict with Mares.  Id. at **8-9.

87 months. Malveaux was sentenced to 80 months' imprisonment. When invited to depart upward, the district judge stated: "The court has considered, and recognized, that it may depart upward but declines to do so, with the belief and the understanding that the guidelines, as set forth, are sufficient in themselves to address this particular offense." The district judge's decision to sentence Malveaux in the upper half of the guidelines range, as well as his expression of satisfaction with the sentence given, indicates that he would not have reached a significantly different result under an advisory guidelines regime. In addition, the facts cited by Malveaux as indicative of a probability that his sentence would be different under an advisory regime were either before the trial judge at sentencing, or could easily have been presented.

Having reconsidered, we AFFIRM.