**United States Court of Appeals**

**Fifth Circuit**

**F I L E D**

**June 22, 2005**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-50687
Conference Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

JUAN CARLOS HERRERA-SANCHEZ,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:04-CR-210-ALL-PRM
--------------------

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Juan Carlos Herrera-Sanchez (Herrera) appeals the 60-month

sentence he received after pleading guilty to one count of

illegal reentry into the United States after having been

deported.  See 8 U.S.C. § 1326.

    Herrera contends that his sentence should have been limited

to two years because his indictment failed to allege a prior

felony conviction used to increase his sentence.  As he concedes,

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

this contention is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998).

Herrera also contends that he is entitled to resentencing because the district court sentenced him under a mandatory application of the guidelines prohibited by <u>United States v. Booker</u>, 125 S. Ct. 738, 756-57, 769 (2005).  Herrera did not raise this issue in the district court, so we review it for plain error.  <u>See</u> <u>United States v. Valenzuela-Quevedo</u>, 407 F.3d 728, 732 (5th Cir. 2005); <u>see</u> <u>also</u> <u>United States v. Malveaux</u>, __F.3d__, No. 03-41618, 2005 WL 1320362 (5th Cir. Apr. 11, 2005).  Although there was an error under <u>Booker</u>, Herrera fails to "demonstrate a probability sufficient to undermine confidence in the outcome . . . that the district judge would have imposed a different sentence" under advisory guidelines.  <u>Valenzuela-Quevedo</u>, 407 F.3d at 733 (internal quotation marks and citation omitted).  Herrera therefore fails to show that the error affected his substantial rights as is necessary under the plain-error standard.  <u>See</u> <u>id.</u>; <u>United States v. Mares</u>, 402 F.3d 511, 521-22 (5th Cir. 2005), <u>petition for cert. filed</u> (Mar. 31, 2005) (No. 04-9517).

The judgment of the district court is AFFIRMED.