United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 17, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-11291
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID HILL,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:03-CR-159-G-2
--------------------

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

David Hill was tried before a jury and convicted of
conspiracy to manufacture and possess with the intent to
distribute in excess of 500 grams or more of a mixture containing
a detectable amount of methamphetamine, in violation of 21 U.S.C.
§ 846. He argues that the district court erred under United
States v. Booker, 125 S. Ct. 738 (2005), when it sentenced him
based on factual determinations that were not included in the
jury verdict or admitted by Hill.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Hill did not raise this issue in the district court; therefore, this court's review is for plain error. United States v. Mares, 402 F.3d 511, 513, 520-22 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517). In Hill's case, as in Mares, there was clear or obvious Booker error because the district court imposed a sentence based on judge found facts that were neither admitted by Hill nor found by a jury in a mandatory Guidelines system. See id. at 520-21.

Hill asserts that he would have received a lesser sentence without the enhancements. Hill's assertion that his sentence would have been lower absent the extra verdict enhancements fails to establish that the Booker error affected his substantial rights. See United States v. Bringier, 405 F.3d 310, 318 (5th Cir. 2005), petition for cert. filed (July 26, 2005) (No. 05-5535). Furthermore, Hill has not shown, with a probability sufficient to undermine confidence in the outcome, that if the judge had sentenced him under an advisory sentencing regime, rather than a mandatory one, he would have received a lesser sentence. He therefore has failed to establish plain error. See United States v. Infante, 404 F.3d 376, 395 (5th Cir. 2005).

To the extent that Hill is arguing that the Booker error should be presumed prejudicial, this argument is at odds with Mares, 402 F.3d at 520-22, and is therefore rejected. See United States v. Malveaux, 411 F.3d 558, 561 and n.9 (5th Cir. 2005), petition for cert. filed (July 11, 2005) (No. 05-5297).

The judgment of the district court is AFFIRMED.