United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 17, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-11307
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MAURICE JEFFRIES, also known as David Wayne Smith,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:02:CR-97-ALL-J
--------------------

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Maurice Jeffries has appealed the sentence imposed following his jury conviction of possession with intent to distribute cocaine and cocaine base. Jeffries was sentenced to a 235-month term of imprisonment and to a five-year period of supervised release. Jeffries contends that his sentence should be vacated because it was imposed pursuant to an unconstitutional mandatory guidelines system, contrary to United States v. Booker, 125 S. Ct. 738, 768-69 (2005), a so-called Fanfan error. See United

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

States v. Martinez-Lugo, 411 F.3d 597, 600 (5th Cir. 2005). As Jeffries concedes, our review is for plain error. See United States v. Mares, 402 F.3d 511, 520-21 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517). Under the third prong of the plain-error analysis, Jeffries must show that the error affected his substantial rights. See Martinez-Lugo, 411 F.3d at 600. Jeffries does not contend that the error affected the outcome of the proceedings and a review of the record does not suggest otherwise. See United States v. Inman, 411 F.3d 591, 595 (5th Cir. 2005); United States v. Bringier, 405 F.3d 310, 317 (5th Cir. 2005), petition for cert. filed (July 26, 2005) (No. 05-5535).

Jeffries contends that prejudice should be presumed or that a showing of prejudice should not be required because the error was structural. We have previously rejected this contention. See Martinez-Lugo, 411 F.3d at 601; see also United States v. Malveaux, 411 F.3d 558, 560 n.9 (5th Cir. 2005), petition for cert. filed (July 11, 2005) (No. 05-5297). Jeffries has not shown that his substantial rights were affected because the district court sentenced him pursuant to a mandatory guideline scheme. See Martinez-Lugo, 411 F.3d at 601. The judgment is AFFIRMED.

Jeffries has filed a pro se motion for substitution of counsel. The motion is DENIED. Because Jeffries is not entitled to hybrid representation, the substantive issues raised by

Jeffries in his pro se filings have not been considered.  See

United States v. Ogbonna, 184 F.3d 447, 449 & n.1 (5th Cir.

1999); 5TH CIR. R. 28.7.

   AFFIRMED; MOTION DENIED.