United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 17, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40235
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DIONICIO CUEVAS-MENDOZA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:03-CR-826-1
--------------------

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Dionicio Cuevas-Mendoza pleaded guilty to having been
present in the United States following deportation in violation
of 8 U.S.C. § 1326(a) & (b). He argues that 8 U.S.C. § 1326(b)
is unconstitutional in view of the Supreme Court's decision in
Apprendi v. New Jersey, 530 U.S. 466 (2000). He acknowledges
that this argument is foreclosed by Almendarez-Torres v. United
States, 523 U.S. 24 (1998), but he states that he is raising the
issue to preserve it for possible Supreme Court review. Apprendi
did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

489-90; see also United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).  This court must follow the precedent set in Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it."  Dabeit, 231 F.3d at 984 (internal quotation and citation omitted).

Cuevas-Mendoza also argues that the district court plainly erred in imposing his sentence pursuant to the then mandatory United States Sentencing Guidelines, which were subsequently held unconstitutional under United States v. Booker, 125 S. Ct. 738 (2005).  We review for plain error.  See United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005)(No. 04-9517).

Cuevas-Mendoza cannot show that he was prejudiced by the error; nothing in the sentencing transcript indicates that the district court would have imposed a lesser sentence if it had known that the guidelines were not mandatory.  See United States v. Martinez-Lugo, 411 F.3d 597, 601 (5th Cir. 2005).  The error was not structural, and prejudice is not otherwise presumed.  See United States v. Malveaux, 411 F.3d 558, 560 n.9 (5th Cir. 2005), petition for cert. filed (July 11, 2005) (No. 05-5297).  Therefore, Cuevas-Mendoza has not shown reversible plain error.  See Mares, 402 F.3d at 520-21.

AFFIRMED.