United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 17, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40731
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARTIN ENRIQUE BERNAL-ISLER,
also known as Jose Enrique Bernal,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:03-CR-1051-1
--------------------

**ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES**

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

This court affirmed the sentence of Martin Enrique Bernal-
Isler ("Bernal"). See United States v. Bernal-Isler, 115 Fed.
Appx. 736 (5th Cir. 2004) (per curiam). The Supreme Court
vacated and remanded for further consideration in light of United
States v. Booker, 125 S. Ct. 738 (2005). See Bernal-Isler v.
United States, 125 S. Ct. 1960 (2005). This court requested and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

received supplemental letter briefs addressing the impact of Booker.

Bernal argues that the district court erred in sentencing him pursuant to a mandatory application of the sentencing guidelines. He concedes that he did not object to his sentence in the district court under Blakely v. Washington, 124 S. Ct. 2531 (2004), or under Booker, and that his failure to make an objection of that type results in review for plain error.

Under the plain-error standard, the defendant bears the burden of showing that (1) there is an error, (2) the error is plain, and (3) the error affects substantial rights. See United States v. Olano, 507 U.S. 725, 732 (1993). If these conditions are satisfied, this court may exercise its discretion to correct the error only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. at 736 (internal quotation marks and citation omitted).

To satisfy the third prong of the plain error test in light of Booker, a defendant must demonstrate "with a probability sufficient to undermine confidence in the outcome, that if the judge had sentenced him under an advisory sentencing regime rather than a mandatory one, he would have received a lesser sentence." United States v. Infante, 404 F.3d 376, 395 (5th Cir. 2005). Absent any indication in the record that the district court would have imposed a lower sentence, a defendant does not

meet this burden.  See United States v. Martinez-Lugo, 411 F.3d 597, 600-01 (5th Cir. 2005).

Bernal concedes that he cannot demonstrate that the district court would have imposed a different sentence under an advisory guideline scheme.  See id.  Bernal nevertheless contends that the error committed by the district court is structural or presumptively prejudicial.  Bernal concedes that this argument is foreclosed.  See United States v. Malveaux, 411 F.3d 558, 560 n.9 (5th Cir. 2005), petition for cert. filed (July 11, 2005)(No. 05-5297).  Accordingly, Bernal has not met his burden of establishing that his substantial rights were affected under the third prong of the plain error test.  See Martinez-Lugo, 411 F.3d at 601.

AFFIRMED.