United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 17, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40791
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EMILIO MEDINA-RODRIGUEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-167-1
--------------------

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Emilio Medina-Rodriguez (Medina) pleaded guilty to illegal

reentry after deportation and was sentenced to 24 months of

imprisonment, three years of supervised release, and a $100

special assessment.

Medina argues for the first time on appeal that, in light of

the Supreme Court's decision in United States v. Booker, 125 S.

Ct. 738 (2005), his sentence should be vacated and his case

should be remanded for resentencing because the district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

pronounced sentence under a regime in which the Federal Sentencing Guidelines were considered mandatory.  He contends that he can show plain error because the district court's error was structural and, in the alternative, because the error should be presumed to have affected his substantial rights.  However, these arguments are foreclosed.  See United States v. Martinez-Lugo, 411 F.3d 597, 601 (5th Cir. 2005); United States v. Malveaux, 411 F.3d 558, 561 n.9 (5th Cir. 2005), petition for cert. filed (July 11, 2005) (No. 05-5297).

Medina also argues that there is a reasonable probability that the district court would have imposed a lower sentence if application of the Sentencing Guidelines had not been mandatory. In support of this argument, he notes the fact that the district court sentenced him at the low end of the guideline range and the fact that the district court could consider his strong family ties in the United States if the court were not required to apply the guidelines.

The district court's imposition of Medina's sentence pursuant to a mandatory application of the Sentencing Guidelines constituted an error that was plain.  See Martinez-Lugo, 411 F.3d at 600.  However, Medina's sentence at the low end of the guideline range does not alone indicate that the district court would have sentenced him differently under an advisory sentencing scheme.  See United States v. Bringier, 405 F.3d 310, 318 n.4 (5th Cir. 2005), petition for cert. filed (July 26, 2005)

(No. 05-5535). Furthermore, nothing in the sentencing transcript indicates that the district court would sentence Medina differently on the basis of family ties if application of the Guidelines were not mandatory. Accordingly, Medina has failed to show that the district court's plain error affected his substantial rights. See Martinez-Lugo, 411 F.3d at 600-01.

Medina also argues for the first time on appeal that the sentencing provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional on their face and as applied in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). Medina acknowledges that his argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), but he seeks to preserve the issue for Supreme Court review. As Medina concedes, this issue is foreclosed. See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).

AFFIRMED.