United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 17, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40888
Conference Calendar

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

JULIO CESAR REYNA-LOPEZ,

                                    Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-2-1
--------------------

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

     Julio Cesar Reyna-Lopez (Reyna) pleaded guilty to possession

with intent to distribute more than 50 kilograms (specifically,

93.4 kilograms) of marijuana, and he was sentenced to 30 months

of imprisonment, three years of supervised release, and a $100

special assessment that was ordered remitted on motion of the

Government.

     Reyna argues for the first time on appeal that, in light of

the Supreme Court's decision in United States v. Booker, 125 S.

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Ct. 738 (2005), his sentence should be vacated and his case should be remanded for resentencing because the district court pronounced sentence under a regime in which the Federal Sentencing Guidelines were considered mandatory.  He contends that he can show plain error because the district court's error was structural and, in the alternative, because the error should be presumed to have affected his substantial rights.  However, these arguments are foreclosed.  See United States v. Martinez-Lugo, 411 F.3d 597, 601 (5th Cir. 2005); United States v. Malveaux, 411 F.3d 558, 561 n.9 (5th Cir. 2005), petition for cert. filed (July 11, 2005) (No. 05-5297).

Reyna also argues that there is a reasonable probability that the district court would have imposed a lower sentence if application of the Sentencing Guidelines had not been mandatory.  In support of this argument, he notes the fact that the district court sentenced him at the low end of the guideline range and the fact that mitigating circumstances existed.

The district court's imposition of Reyna's sentence pursuant to a mandatory application of the Sentencing Guidelines constituted an error that was plain.  See Martinez-Lugo, 411 F.3d at 600.  However, Reyna's sentence at the low end of the guideline range does not alone indicate that the district court would have sentenced him differently under an advisory sentencing scheme.  See United States v. Bringier, 405 F.3d 310, 318 n.4 (5th Cir. 2005), petition for cert. filed (July 26, 2005)

(No. 05-5535). Furthermore, nothing in the sentencing transcript indicates that the district court would sentence Reyna differently if application of the Guidelines were not mandatory. Accordingly, Reyna has failed to show that the district court's plain error affected his substantial rights. See Martinez-Lugo, 411 F.3d at 600-01.

Reyna also argues for the first time on appeal that the statute of conviction, 21 U.S.C. § 841, is unconstitutional under Apprendi v. New Jersey, 530 U.S. 466 (2000). Reyna concedes that his argument is foreclosed by our opinion in United States v. Slaughter, 238 F.3d 580, 582 (5th Cir. 2000). He raises the issue only to preserve it for further review. Accordingly, Reyna's argument is foreclosed.

The judgment of the district court is AFFIRMED. The Government's motion for summary affirmance in lieu of filing an appellee's brief is GRANTED.