United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 17, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40889
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MANUEL HERNANDEZ-CARTAGENA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-228-ALL
--------------------

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:

Manuel Hernandez-Cartagena pleaded guilty to an indictment
charging him with being present illegally in the United States
following deportation. Because Hernandez was convicted prior to
deportation of attempted sexual abuse of a minor, he was
sentenced, under 8 U.S.C. § 1326(b), to a 50-month term of
imprisonment and to a three-year period of supervised release.

Hernandez contends that his sentence should be vacated
because it was imposed pursuant to an unconstitutional mandatory
guidelines system, contrary to United States v. Booker, 125
S. Ct. 738, 768-69 (2005), a so-called Fanfan error. See United

States v. Martinez-Lugo, 411 F.3d 597, 600 (5th Cir. 2005). Hernandez concedes that this court's review is for plain error. See id.; United States v. Mares, 402 F.3d 511, 520-21 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517). Under the third-prong of the plain-error analysis, Hernandez must show that the error affected his substantial rights in that it "affected the outcome of the district court proceedings." Martinez-Lugo, 411 F.3d at 600 (quotation marks omitted). Hernandez does not contend that the error affected the outcome of the proceedings and there is nothing in the record to suggest otherwise. See United States v. Inman, 411 F.3d 591, 595 (5th Cir. 2005); United States v. Infante, 404 F.3d 376, 395 (5th Cir. 2005).

Hernandez contends instead that prejudice should be presumed or that a showing of prejudice should not be required because the error was "structural and insusceptible of harmless error analysis." An identical argument was rejected in Martinez-Lugo. See Martinez-Lugo, 411 F.3d at 601; see also United States v. Malveaux, 411 F.3d 558, 560 n.9 (5th Cir. 2005), petition for cert. filed (July 11, 2005) (No. 05-5297). Hernandez has not shown that the district court plainly erred by sentencing him pursuant to a mandatory guideline scheme. See Martinez-Lugo, 411 F.3d at 601.

Hernandez contends that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(2) are unconstitutional in light

of <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490 (2000), and that he should be resentenced in light of <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004). Hernandez recognizes that relief is foreclosed; he raises the issue to preserve it for further review. <u>Apprendi</u> did not overrule <u>Almendarez-Torres</u>. <u>See</u> <u>Apprendi</u>, 530 U.S. at 489-90; <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000); <u>see also</u> <u>Shepard v. United States</u>, 125 S. Ct. 1254, 1262 (2005). This court must follow <u>Almendarez-Torres</u> "unless and until the Supreme Court itself determines to overrule it." <u>Dabeit</u>, 231 F.3d at 984 (quotation marks omitted).

The judgment is AFFIRMED.