United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 29, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41438
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE GILBERTO NAVARRETE,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-413-ALL
--------------------

Before JOLLY, JONES, and OWEN, Circuit Judges.

PER CURIAM:[*]

Jose Gilbert Navarrete appeals the 40-month sentence imposed by the district court following his guilty-plea conviction for illegally reentering the United States, in violation of 8 U.S.C. § 1326. The Government seeks to enforce the waiver-of-appeal provision of Navarrete's plea agreement.

In his plea agreement, Navarrete waived, inter alia, "the right to appeal the sentence imposed or the manner in which it was determined," except for a sentence above the statutory

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

maximum or an upward departure from the applicable Guidelines range. Navarrete contends that this waiver provision is not enforceable because, at his rearraignment, the magistrate judge incorrectly told him that he retained the right to appeal "a sentence that is imposed illegally." We agree. Because the magistrate judge inaccurately described the waiver provision, Navarrete's waiver cannot be deemed knowing and voluntary with respect to "a sentence that is imposed illegally." See FED. R. CRIM. P. 11(b)(1)(N); United States v. Robinson, 187 F.3d 516, 517 (5th Cir. 1999).

Navarrete argues that the district court erred in sentencing him under pursuant to a mandatory application of the Sentencing Guidelines. See United States v. Booker, 125 S. Ct. 738, 757 (2005). He concedes that he did not raise this issue in the district court, and that review is therefore for plain error. Navarrete contends, however, that he need not show prejudice because the error is structural and because prejudice should be presumed.

This court has rejected the contention that the imposition of sentence under a mandatory application of the Sentencing Guidelines is structural or is presumptively prejudicial. United States v. Malveaux, 411 F.3d 558, 560 n.9 (5th Cir. 2005), petition for cert. filed (July 11, 2005) (No. 05-5297). Because Navarrete did not raise the issue in the district court, he must demonstrate plain error, which requires him to establish that

(1) there is an error; (2) that is clear or obvious; and (3) that affects his substantial rights. See United States v. Olano, 507 U.S. 725, 732-34 (1993). If these criteria are met, this court has the authority correct the error, but is not required to do so. See id. at 736.

Here, "there is no indication in the record from the sentencing judge's remarks or otherwise that gives us any clue as to whether she would have reached a different conclusion" as to Navarrete's sentence if sentencing under an advisory guidelines system. See United States v. Mares, 402 F.3d 511, 522 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517). Accordingly, Navarrete cannot establish plain error. The judgment of the district court is AFFIRMED.