**UNITED STATES of America, Plaintiff–Appellee**

v.

**Jose Alexander Romero RODRIGUEZ, also known as Carlos Garcia, Defendant–Appellant.**

**No. 04–40687. Conference Calendar.**

United States Court of Appeals, Fifth Circuit.

Decided Sept. 30, 2005.

James Lee Turner, Julia Bowen Stern, Assistant U.S. Attorneys, U.S. Attorney's

Office, Southern District Of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Rudy Xavier Rodriguez, Molly E. Odom, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

*ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES*

PER CURIAM: *

This court previously affirmed the sentence imposed following Jose Alexander Romero Rodriguez's resentencing. *United States v. Rodriguez,* No. 04–40687 (5th Cir. Dec. 17, 2004) (unpublished). The Supreme Court vacated and remanded for further consideration in light of *United States v. Booker,* — U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). We requested and received supplemental letter briefs addressing the impact of *Booker.*

Rodriguez argues that the district court erred by sentencing him under a mandatory guidelines scheme. He contends that the district court's error is not subject to plain error review because it is structural. He also asserts, based on the nature of the error, that prejudice should be presumed. Rodriguez concedes that his structural error and presumed prejudice arguments are foreclosed and raises them simply to preserve further review. *See United States v. Malveaux,* 411 F.3d 558, 561 n. 9 (5th Cir.2005), *petition for cert. filed* (July 11, 2005) (No. 05–5297).

Because Rodriguez did not preserve his arguments before the district court, plain error review applies. *See United States v. Mares,* 402 F.3d 511, 520–21 (5th Cir. 2005), *petition for cert. filed* (Mar. 31, 2005) (No. 04–9517). To establish plain error under *Mares,* Rodriguez must demonstrate that the district court would have reached a significantly different result had he been sentenced under advisory guidelines. *See Mares,* 402 F.3d at 521. As Rodriguez concedes, he cannot make this showing.

*Booker* does not affect our prior holding that *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), has not been overruled. Accordingly, the we REINSTATE our prior decision and judgment affirming the district court.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.