United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 30, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 04-40678
Conference Calendar

———————————

UNITED STATES OF AMERICA

                    Plaintiff - Appellee

     v.

JOSE ANTONIO GARCIA

                    Defendant - Appellant

                    ---------------------
          Appeal from the United States District Court
              for the Southern District of Texas
                   USDC No. 1:03-CR-953-ALL
                    ---------------------

     ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     This court affirmed the conviction and sentence of Jose

Antonio Garcia.  United States v. Garcia, No. 04-40678 (5th Cir.

Dec. 17, 2004) (unpublished).  The Supreme Court vacated and

remanded for further consideration in light of United States v.

Booker, 125 S. Ct. 738 (2005).  We requested and received

supplemental letter briefs addressing Booker's impact.

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Garcia argues that the district court erred by sentencing him under a mandatory guidelines scheme.  He contends that the district court's error is not subject to plain error review because it is structural.  He also asserts, based on the nature of the error, that prejudice should be presumed.  Garcia concedes that his structural error and presumed prejudice arguments are foreclosed and raises them simply to preserve further review.  See United States v. Malveaux, 411 F.3d 558, 561 n.9 (5th Cir. 2005), petition for cert. filed (July 11, 2005) (No. 05-5297).

Because Garcia did not preserve this issue before the district court, plain error review applies.  See United States v. Mares, 402 F.3d 511, 520-21 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517).  To establish plain error under Mares, Garcia must demonstrate that the district court would have reached a significantly different result had he been sentenced under advisory guidelines.  See Mares, 402 F.3d at 521.  As Garcia concedes, he cannot make this showing.

Booker does not affect our prior holding on appeal that Almendarez-Torres v. United States, 523 U.S. 224 (1998), has not been overruled.  Accordingly, that portion of our prior decision is reinstated, and the district court's judgment is AFFIRMED.