**United States Court of Appeals**

**Fifth Circuit**

**F I L E D**

**October 17, 2005**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-41744
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROGELIO G. PEREZ-CAVASOS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:03-CR-1229-ALL
--------------------

Before JONES, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Rogelio G. Perez-Cavasos ("Perez") appeals the concurrent 51-month sentences imposed following his jury-trial convictions of importing more than 50 kilograms of marijuana and possessing with intent to distribute more than 50 kilograms of marijuana. Perez's sentence was based on the district court's sentencing determination that Perez was responsible for 88.6 kilograms of marijuana.

Perez argues that his sentence was imposed in violation of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

United States v. Booker, 125 S. Ct. 738 (2005), in that the district court enhanced his sentence based on a determination of drug quantity not made by a jury or proven beyond a reasonable doubt. He also contends that the district court erred under Booker in sentencing him pursuant to a mandatory application of the federal Sentencing Guidelines.

As Perez concedes, this court's review of his Booker-based claims is for plain error because he did not object to his sentence in the district court. See United States v. Mares, 402 F.3d 511, 520-21 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005)(No. 04-9517). In order to establish plain error, Perez must establish that (1) there is an error; (2) that is clear or obvious; and (3) that affects his substantial rights. United States v. Olano, 507 U.S. 725, 732-34 (1993). If these criteria are met, this court has the authority correct the error, but is not required to do so. Id. at 736.

Perez contends that he is entitled to retroactive application of the Sixth Amendment holding of Booker, but he argues that the Due Process Clause of the Fifth Amendment precludes the application of the remedial holding of Booker to his case. Perez's contention that the remedial holding of Booker cannot be applied in his case runs directly counter to Booker's determination that both the Sixth Amendment holding and the remedial holding must be applied to all cases on direct review, see Booker, 125 S. Ct. at 769, and is therefore foreclosed.

Perez seeks to preserve for further review the argument that Booker error is structural or at least presumptively prejudicial. This court, however, has rejected arguments that Booker error is structural and that Booker error should be presumed prejudicial, as such claims conflict with Mares. See United States v. Malveaux, 411 F.3d 558, 561 n.9 (5th Cir. 2005), petition for cert. filed (July 11, 2005) (No. 05-5297).

Perez also contends that, because he was a first-time offender, it is at least reasonably probable that the district court would have imposed a lower sentence had it not believed it was bound by mandatory sentencing guidelines. To show that his substantial rights were affected, Perez must show that the district court's error "affected the outcome of the district court proceedings" such that there is a probability of error "sufficient to undermine confidence in the outcome." Mares, 402 F.3d at 521 (internal quotation marks and citations omitted). Because "there is no indication in the record from the sentencing judge's remarks or otherwise that gives us any clue as to whether [he] would have reached a different conclusion," Perez cannot establish plain error. See Mares, 402 F.3d at 522. Accordingly, Perez's sentence is AFFIRMED.