United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 1, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40298
Summary Calendar

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

RICHARD L. CRAIG; ROBIN L. ROSS,
also known as Twice R.,

                                    Defendants-Appellants.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:01-CR-11-1
--------------------

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    This court affirmed the convictions and sentences of Richard

L. Craig.  United States v. Craig, No. 04-40298 (5th Cir. Dec. 10,

2004) (unpublished).  The Supreme Court vacated and remanded for

further consideration in light of United States v. Booker, 125 S.

Ct. 738 (2005).  See Craig v. United States, 125 S. Ct. 1877

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(2005). We requested and received supplemental letter briefs addressing the impact of Booker.

Craig argues that his sentence was plainly erroneous under Booker. He concedes that our review is for plain error only because no Sixth Amendment objection was made in the district court. See United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005), cert. denied, --- U.S. ----, 126 S. Ct. 43 (2005).

There is no dispute that the first two prongs of the plain error standard are satisfied; there was Sixth Amendment error and the error was plain. See id. at 520-21. In order to meet the third prong of the plain error standard, Craig must demonstrate "that the sentencing judge--sentencing under an advisory scheme rather than a mandatory one--would have reached a significantly different result." Id. at 521.

The district court sentenced Craig at the top of the guidelines range and there is no indication in the record what the district court would have done had it known that the guidelines were advisory. Craig's argument that the district court would have given him a lesser sentence because the facts did not support the sentence enhancement he received is refuted by the record. Given these circumstances, Craig has not met the third prong of the plain error standard. See id. at 522. Craig's arguments that the error was structural and that prejudice should otherwise be presumed are foreclosed. See United States v. Malveaux, 411 F.3d 558, 560 n.9

(5th Cir. 2005), <u>cert. denied</u>, --- U.S. ----, 126 S. Ct. 194 (2005).

Because nothing in the Supreme Court's <u>Booker</u> decision requires us to change our prior affirmance in this case, we reinstate our judgment affirming Craig's convictions and sentences.

AFFIRMED.