United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 10, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————————

No. 04-40390

———————————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOSE HIPOLITO GONZALEZ-OROZCO,

Defendant - Appellant.

—————————————————————————————————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:03-CR-922-ALL

—————————————————————————————————————————————————

ON REMAND FROM
THE SUPREME COURT OF THE UNITED STATES

Before JOLLY, JONES, and WIENER, Circuit Judges.

PER CURIAM:[*]

This court affirmed Jose Hipolito Gonzalez-Orozco's conviction and sentence. United States v. Gonzalez-Orozco, 110 Fed. Appx. 471 (5th Cir. 2004). The Supreme Court vacated and remanded for further consideration in the light of United States v. Booker, 125 S.Ct. 738 (2005). Gonzalez-Orozco v. United States, 125 S.Ct. 1368 (2005). We requested and received supplemental letter briefs addressing the impact of Booker.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In his supplemental brief, Gonzalez-Orozco argues that the district court's application of mandatory sentencing guidelines was reversible plain error. See United States v. Mares, 402 F.3d 511, 520 (5th Cir.) (Booker arguments made for first time on direct appeal reviewed for plain error), cert. denied, 126 S.Ct. 43 (2005). There is no plain error because, as Gonzalez-Orozco concedes, there is no evidence in the record indicating that the district court would have imposed a lesser sentence under advisory sentencing guidelines. See United States v. Infante, 404 F.3d 376, 394-95 (5th Cir. 2005) (to satisfy third prong of plain error test -- that error in question affected defendant's substantial rights -- defendant must show, "with a probability sufficient to undermine confidence in the outcome, that if the judge had sentenced him under an advisory sentencing regime rather than a mandatory one, he would have received a lesser sentence").

Alternatively, Gonzalez-Orozco contends that application of the plain error standard is inappropriate because it would have been futile for him to have objected to application of the mandatory guidelines in the light of Fifth Circuit precedent existing at the time of his sentencing, or because the remedial portion of Booker was novel and unforeseeable at the time of his sentencing. As he acknowledges, these arguments are foreclosed by this court's decision in Mares.

Finally, Gonzalez-Orozco contends that the Booker error was structural and that prejudice should be presumed. This contention

is also foreclosed by <u>Mares</u>.  <u>See</u> <u>United States v. Martinez-Lugo</u>, 411 F.3d 597, 601 (5th Cir.), <u>cert. denied</u>, 126 S.Ct. 464 (2005); <u>United States v. Malveaux</u>, 411 F.3d 558, 561 n.9 (5th Cir.), <u>cert. denied</u>, 126 S.Ct. 194 (2005).

For the foregoing reasons, we conclude that nothing in the Supreme Court's <u>Booker</u> decision requires us to change our prior affirmance in this case.  We therefore reinstate our judgment affirming Gonzalez-Orozco's conviction and sentence.

JUDGMENT REINSTATED.