United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 12, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 04-40245
_____

UNITED STATES OF AMERICA,

                                   Plaintiff - Appellee,

                  versus

IVAN RICARDO CIFUENTES-CAYCEDO,

                                 Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:03-CR-252-1
_____

ON REMAND FROM
THE SUPREME COURT OF THE UNITED STATES

Before JOLLY, HIGGINBOTHAM, and WIENER, Circuit Judges.

PER CURIAM:[1]

    This court affirmed Ivan Ricardo Cifuentes-Caycedo's conviction and sentence. <u>United States v. Cifuentes-Caycedo</u>, 111 Fed. Appx. 772 (5th Cir. 2004). The Supreme Court vacated and remanded for further consideration in the light of <u>United States v. Booker</u>, 125 S.Ct. 738 (2005). <u>Cifuentes-Caycedo v. United States</u>, 125 S.Ct. 1679 (2005). We requested and received supplemental letter briefs addressing the impact of <u>Booker</u>.

---

[1]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In his supplemental brief, Cifuentes-Caycedo argues that his sentence was enhanced on the basis of facts not found by the jury, in violation of the Sixth Amendment, and that there was error under Booker because he was sentenced under mandatory sentencing guidelines. Because he did not object on these grounds in the district court, we review his sentence only for plain error. See United States v. Mares, 402 F.3d 511, 520 (5th Cir.), cert. denied, 126 S.Ct. 43 (2005).[2]

Under plain error review, Cifuentes-Caycedo must show that there is "(1) error, (2) that is plain, and (3) that affects substantial rights." United States v. Cotton, 535 U.S. 625, 631 (2002). If he makes such a showing, we may exercise our discretion to correct the error if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. The first two prongs of the plain error test are satisfied here: Cifuentes-Caycedo's sentence was enhanced based on facts found by the judge but not by the jury under a mandatory Guidelines regime. See Mares, 402 F.3d 519-20.

Under the third prong of the plain error test, Cifuentes-Caycedo must show that the error affected his substantial rights.

---

[2]To preserve the issue for further review in the Supreme Court, Cifuentes-Caycedo contends that the standard of review should be de novo because he objected to the factual sufficiency of the evidence supporting, as well as the district court's application of, the extra-verdict sentencing enhancements. He recognizes that this argument is foreclosed by this court's decisions in United States v. Pennell, 409 F.3d 240 (5th Cir. 2005), and United States v. Akpan, 407 F.3d 360 (5th Cir. 2005).

He argues that the Booker errors affected his substantial rights because he was sentenced on the basis of a Guidelines range that greatly exceeded the Guidelines range supported by the jury findings, in violation of his due process and Sixth Amendment rights. He contends that Booker's remedial holding (striking the statutory provisions making the Sentencing Guidelines mandatory) cannot, consistently with due process, be applied retroactively against him, because to do so would deprive him of his Sixth Amendment right to be sentenced on the basis of facts proven to a jury beyond a reasonable doubt. This contention is foreclosed by Booker. See United States v. Scroggins, 411 F.3d 572, 576 (5th Cir. 2005) (rejecting a similar argument and holding that both the Sixth Amendment holding of Booker and its remedial interpretation of the Sentencing Act apply to all cases on direct review).

Cifuentes-Caycedo's reliance on the plain error analysis set forth in United States v. Dazey, 403 F.3d 1147, 1175 (10th Cir. 2005) (holding that defendant can show Booker Sixth Amendment error affected his substantial rights by showing a reasonable probability that a jury applying a reasonable doubt standard would not have found the same facts that a judge found by a preponderance of the evidence), is unavailing in the light of Mares. Cifuentes-Caycedo has not met his burden, under Mares, of "demonstrating that the result would have likely been different had the judge been

3

sentencing under the <u>Booker</u> advisory regime rather than the pre-<u>Booker</u> mandatory regime."  <u>Mares</u>, 402 F.3d at 522.[3]

For the foregoing reasons, we conclude that nothing in the Supreme Court's <u>Booker</u> decision requires us to change our prior affirmance in this case.  We therefore reinstate our judgment affirming Cifuentes-Caycedo's conviction and sentence.

JUDGMENT REINSTATED.

---

[3]To preserve the issues for further review in the Supreme Court, Cifuentes-Caycedo argues that <u>Booker</u> error is structural or at least presumptively prejudicial.  These arguments are foreclosed by our precedent.  <u>See</u> <u>United States v. Martinez-Lugo</u>, 411 F.3d 597, 601 (5th Cir.), <u>cert. denied</u>, 126 S.Ct. 464 (2005); <u>United States v. Malveaux</u>, 411 F.3d 558, 561 n.9 (5th Cir.), <u>cert. denied</u>, 126 S.Ct. 194 (2005).