United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 24, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 04-40696
Summary Calendar

———————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRYAN GENE BERRYMAN,

Defendant-Appellant.

———————————————

Appeal from the United States District Court
for the Eastern District of Texas
No. 1:03-CR-143-ALL-MAC

———————————————

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before KING, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

This court affirmed the sentence of Bryan Gene Berryman. *United States v. Berryman*, 115

F. App'x 240 (5th Cir. 2004). The Supreme Court vacated and remanded for further consideration

in light of *United States v. Booker*, 543 U.S. 220 (2005). *Berryman v. United States*, 125 S. Ct. 1950

(2005). This court requested and received supplemental letter briefs addressing the impact of *Booker*.

———————————————

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and
is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Berryman argues that the district court erred under *Booker* in enhancing his sentence based on facts not admitted by him or found by a jury and in sentencing him under the mandatory guideline scheme held unconstitutional in *Booker*. As Berryman concedes, our review is for plain error due to his failure to raise an appropriate objection in the district court.

Under the plain error standard of review, the appellant must show that (1) there is an error (2) that is clear or obvious and (3) that affects his substantial rights. *United States v. Olano*, 507 U.S. 725, 732 (1993). If these factors are established, the decision to correct the forfeited error is within this court's sound discretion, which will not be exercised unless the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

The district court's enhancement of Berryman's sentence pursuant to a mandatory guideline scheme based on facts not found by a jury or admitted by him constituted error that was plain. *See United States v. Mares*, 402 F.3d 511, 520–21 (5th Cir.), *cert. denied*, 126 S. Ct. 43 (2005). However, Berryman has failed to demonstrate, with a probability sufficient to undermine confidence in the outcome, that the error affected his substantial rights. *See Mares*, 402 F.3d at 520–21. He can point to nothing in the record to show that he likely would have received a more lenient sentence if the district court had acted under an advisory sentencing scheme. *See id.* Moreover, this court has rejected his arguments that a *Booker* error is a structural error and that such errors are presumed to be prejudicial. *See United States v. Malveaux*, 411 F.3d 558, 560 n.9 (5th Cir.), *cert. denied*, 126 S. Ct. 194 (2005).

Nothing in the Supreme Court's *Booker* decision requires us to change our prior opinion in this case. Accordingly, we reinstate that opinion. The judgment of the district court is AFFIRMED.