United States Court of Appeals
Fifth Circuit

**F I L E D**

February 10, 2006

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 03-10438

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEAN RAYBURN GILLEY,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas

(01-CR-00001)

**ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES**

Before JOLLY and STEWART, Circuit Judges.[*]

PER CURIAM:[**]

Dean Rayburn Gilley was sentenced to 789 months for his role in the abduction and sexual

abuse of a victim which took place over a 24 hour period between Dallas, Texas and Albuquerque,

---

[*] Judge Duhe was a member of this panel when the original opinion was issued on April 26, 2004. Although Judge Duhe is currently a Senior Circuit Judge he is no longer hearing cases. Therefore, this case has been decided by a quorum. See 28 U.S.C. § 46(d).

[**]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

New Mexico. The Supreme Court vacated Gilley's sentence and remanded this matter to this court in light of United States v. Booker, 125 S.Ct. 1419 (2005). See Gilley v. United States, 125 S.Ct. 1033 (2005). Thereafter, this court directed the parties to submit supplemental briefing to address the import of Booker. Because of Gilley's incarceration however, the Clerk of Court has been unable to contact him and as a result he has not provided any supplemental briefing to this court. Nevertheless, despite the circumstances that present themselves, the fact that Gilley has failed to file a brief will not absolutely foreclose this court's ability to address the substance of the underlying Booker issues. See United States v. Hernandez-Bautista, 293 F.3d 845, 846 n. 1 (5th Cir. 2002). Therefore we must simply determine whether the district court plainly erred by imposing a 789 month sentence, and if so, whether this necessitates resentencing.

The facts of this case are heinous and extensive reiteration of them is largely unnecessary, however we do direct the reader to our previously published opinion to gain a fuller sense of what actually transpired. See United States v. Phipps, 368 F.3d 505 (5th Cir. 2005). That stated, we will briefly make mention of some of the facts underlying Gilley's rather lengthy sentence. Gilley along with his confederate Michael Shane Phipps randomly abducted their 61 year old victim at gunpoint, and over the course of a 24 hour period, subjected her to continuous sexual abuse, all the while repeatedly threatening her with a knife.[1] While near a dumpster in Albuquerque, Phipps and Gilley deliberated whether to kill the victim, however fortuitously she somehow managed to escape.

Gilley was charged in a multiple count indictment.[2] Count 1 charged Gilley with conspiracy

---

[1] The gun was apparently discarded, but this fact was not made known to the victim.

[2] Gilley was actually charged along with Phipps, who is not involved in this appeal. Thus, although Phipps and Gilley were charged together as to all counts of the indictment, this opinion focuses exclusively on Gilley.

to commit kidnapping in contravention of 18 U.S.C. §§ 1201 (a)(1) and (c). Count 2 charged Gilley with kidnapping and aiding and abetting in violation of 18 U.S.C. §§ 1201 (a)(1) and 2. Count 3 charged Gilley with the use of a firearm during and in relation to the kidnapping and aiding and abetting, in contravention of 18 U.S.C. §§ 924 (c)(1)(A)(ii) and 2. Count 4 charged Gilley with carjacking and aiding and abetting, in contravention of 18 U.S.C. §§ 2119 and 2. Count 5 charged Gilley with the use of a firearm during and in relation to the carjacking and aiding and abetting, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and (2).

Following a jury trial Gilley was found guilty. Based on his Criminal History Category of V and his Total Offense Level of 37, his Sentencing Guideline range was 324 to 405 months. The district court sentenced him to 405 months. Thereafter, the district court also imposed a consecutive 7 year mandatory sentence based on Gilley's use of a firearm during and in relation to a crime of violence, and granted a 25 year upward departure (also to be served consecutively), which the district court believed was appropriate based on aggravating factors not given full consideration by the Sentencing Guidelines,§ 5K.0, p.s., the fact that the victim suffered severe psychological trauma, 5K2.3, p.s., and Gilley's extreme conduct. § 5K2.8, p.s. As a result, based on the imposition of the mandatory 7 year sentence, and the 25 year upward departure, Gilley was sentenced to 789 months. He appealed his sentence on several grounds. We affirmed his sentence in full.

Gilley's objections to his sentence were neither premised on the fact that: (1) the district court granted an upward departure based on facts that were not proven to a jury beyond a reasonable doubt, nor (2) based on the fact that he was sentenced under federal Sentencing Guidelines that were understood to be mandatory. See Booker, 125 S.Ct. at 756-765 (2005). Therefore, Gilley's sentence will be reviewed for plain error. Our plain error inquiry involves four related prongs: (1) there must

3

have been an error; (2) that was clear and obvious; and (3) said error affected the substantial rights of the defendant. United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005). If the foregoing elements are satisfied, a reviewing court would properly find plain error if: (4) a demonstration is made that the error seriously affected "the fairness, integrity, or public reputation of the judicial proceedings." Id.

We will assume *arguendo* that Gilley satisfied the initial two prongs, however the record, as presented, does not manifest that his substantial rights have been affected because nothing indicates "that if the judge had sentenced him under an advisory sentencing regime rather than a mandatory one, he would have received a lesser sentence." United States v. Infante, 404 F.3d 376, 394-95 (5th Cir. 2005). Given the fact that Gilley was sentenced at the top of the Guidelines, and the sentencing judge's express desire to impose a sentence that was commensurate with the nature of his crime, it is clear that Gilley's sentence would not have been reduced had the district court understood the Guidelines to be advisory. See United States v. Malveaux, 411 F.3d 558, 560-61 (5th Cir. 2005). Accordingly, his sentence is affirmed.

AFFIRMED.