United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-30418
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ADDISON WARREN PAYNE, III,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:03-CR-309-1
--------------------

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:*

Appellant Addison Warren Payne, III, challenges his sentence for bank robbery under 18 U.S.C. §§ 2113(a) and (d) and for brandishing a firearm under 18 U.S.C. § 924(c)(1). Citing United States v. Booker, 543 U.S. 220 (2005), Payne asserts that the district court erred by increasing his sentence based upon facts that were neither proven to a jury nor admitted by Payne.

Because he did not raise a Sixth Amendment objection below, we review this issue for plain error. See United States v.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Mares, 402 F.3d 511, 521 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005). Payne must demonstrate (1) an error, (2) that is plain, and (3) that affects his substantial rights. Id. If these conditions are satisfied, we may exercise our discretion to correct the error if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id.

To the extent that Payne argues that any error should be considered presumptively prejudicial, this argument is foreclosed by circuit precedent. United States v. Malveaux, 411 F.3d 558, 561 n.9 (5th Cir.), cert. denied, 126 S. Ct. 194 (2005).

Payne correctly asserts that the district court increased his sentence for both the bank robbery and firearm convictions based upon factual findings made by the judge. Because the judge sentenced Payne under the belief that the Sentencing Guidelines were mandatory, we find that the court committed error that was plain. See Mares, 402 F.3d at 520-21. However, Payne cannot demonstrate that the error affected his substantial rights under this court's precedent. See id.

Accordingly, the judgment of the district court is AFFIRMED.