United States Court of Appeals
Fifth Circuit

**F I L E D**

May 4, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40747
Conference Calendar

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

PRESTON JOSEPH ROBINSON,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:03-CR-189-TH-WCR-1
--------------------

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before KING, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

        This court affirmed the sentence of Preston Joseph Robinson.

United States v. Robinson, 115 F. App'x 259 (5th Cir. 2004).  The

Supreme Court vacated and remanded for further consideration in

light of United States v. Booker, 543 U.S. 220 (2005).  Robinson

v. United States, 125 S. Ct. 1949 (2005).  This court requested

and received supplemental letter briefs addressing the impact of

Booker.

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Robinson argues that the district court erred under <u>Booker</u> in enhancing his sentence based on facts not admitted by him or found by a jury and in sentencing him under the mandatory guideline scheme held unconstitutional in <u>Booker</u>. Our review is for plain error due to his failure to raise an appropriate objection in the district court. <u>See</u> <u>United States v. Mares</u>, 402 F.3d 511, 520 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 43 (2005).

Under the plain error standard of review, the appellant must show that (1) there is an error (2) that is clear or obvious and (3) that affects his substantial rights. <u>United States v. Olano</u>, 507 U.S. 725, 731-37 (1993). If these factors are established, the decision to correct the forfeited error is within this court's sound discretion, which will not be exercised unless the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. <u>Id.</u> at 736.

The district court's enhancement of Robinson's sentence pursuant to a mandatory guideline scheme based on facts that were not found by a jury or admitted by him constituted error that was plain. <u>See</u> <u>Mares</u>, 402 F.3d at 520-21. Robinson argues that the error affected his substantial rights because it was structural or because prejudice should be presumed. However, these arguments are foreclosed. <u>See</u> <u>United States v. Malveaux</u>, 411 F.3d 558, 560 n.9 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 194 (2005). Because the record does not show that Robinson likely would have received a more lenient sentence if the district court

had acted under an advisory sentencing system, Robinson has not shown that the district court's error affected his substantial rights.  See Mares, 402 F.3d at 521.

Nothing in the Supreme Court's Booker decision requires us to change our prior affirmance in this case.  Accordingly, we reinstate that affirmance.  The judgment of the district court is AFFIRMED.