**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Genaro GONZALEZ–MATA, also known as Francisco Gonzalez, Defendant–Appellant.**

No. 04–40693.
Conference Calendar.

United States Court of Appeals, Fifth Circuit.

Decided Dec. 17, 2004.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District Of Texas, Houston, TX, for Plaintiff–Appellee.

Timothy William Crooks, Assistant Federal Public Defender, Marjorie A. Meyers, Federal Public Defender, Cesar A. Amador, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM: *

Genaro Gonzalez–Mata pleaded guilty to one count of illegal reentry into the United

---

States following deportation and after having been convicted of an "aggravated felony," a violation of 8 U.S.C. § 1326(a) and (b). The district court sentenced him to 70 months in prison and a three-year term of supervised release. He argues for the first time on appeal that 8 U.S.C. § 1326(b) is unconstitutional on its face and as applied in his case because it does not require the fact of a prior felony or aggravated felony conviction to be charged in the indictment and proved beyond a reasonable doubt. As he concedes, this argument is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). *See United States v. Dabeit,* 231 F.3d 979, 984 (5th Cir.2000).

Gonzalez–Mata also argues that the Supreme Court's holding in *Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), should be applied to sentences determined under the federal sentencing guidelines. He concedes that this argument is foreclosed by this court's opinion in *United States v. Pineiro,* 377 F.3d 464, 465 (5th Cir.2004), *petition for cert. filed* (U.S. July 14, 2004) (No. 04–5263), but he raises it to preserve it for possible further review.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.