United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 4, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40693
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GENARO GONZALEZ-MATA, also known as
Francisco Gonzalez,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-93-ALL
---------------------

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

This court affirmed the judgment of conviction and sentence

of Genaro Gonzalez-Mata. United States v. Gonzalez-Mata,

No. 04-40693 (5th Cir. Dec. 17, 2004). The Supreme Court vacated

and remanded for further consideration in light of United States

v. Booker, 125 S. Ct. 738 (2005). See De La Cruz-Gonzalez v.

United States, 125 S. Ct. 1995 (2005). We requested and received

supplemental letter briefs addressing the impact of Booker.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Gonzalez-Mata argues that he is entitled to resentencing because the district court sentenced him under a mandatory application of the United States Sentencing Guidelines prohibited by Booker. Gonzalez-Mata identifies no evidence in the record suggesting that the district court would have imposed a lesser sentence under an advisory guidelines system. See United States v. Mares, 402 F.3d 511, 521-22 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517). In fact, he concedes that he cannot make the necessary showing of plain error that is required by our precedent. He also correctly acknowledges that this court has rejected the argument that a Booker error is a structural error or that such error is presumed to be prejudicial. See Mares, 402 F.3d at 520-22; see also United States v. Malveaux, 411 F.3d 558, 560 n.9 (5th Cir. 2005), petition for cert. filed (July 11, 2005) (No. 05-5297).

Because nothing in the Supreme Court's Booker decision requires us to change our prior affirmance in this case, we reinstate our judgment affirming Gonzalez-Mata's conviction and sentence.

AFFIRMED.