United States Court of Appeals
Fifth Circuit

**F I L E D**

November 1, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41256
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TIMOTHY JEROME LUKE, also known as Skip, also known as Roy
Evans, also known as Steve Edward Benson, also known as
Phillip Brown, also known as Happy Luke, also known as
Walter Mitchell, also known as Robert Bowers, also known as
Sean Campbell, also known as Miami,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:03-CR-282-1
--------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Timothy Jerome Luke was convicted by a jury of conspiracy to
make, utter, and possess counterfeit securities. The substance
of the charged offense was that the conspirators would obtain
fraudulent checks and false identification documents for the
purpose of passing the fraudulent checks and receiving the
proceeds. Luke's total offense level of 26 combined with a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

criminal history category of VI resulted in a guideline range of 60 months of imprisonment due to the statutory maximum for the offense under 18 U.S.C. § 371. Luke objected to increases in his offense level as being without a factual basis. The district court overruled the objections and sentenced Luke to 60 months of imprisonment and to a three-year term of supervised release.

Luke argues that the evidence was not sufficient to support his conviction for conspiracy to make, utter, and possess counterfeit securities. The court views the evidence, in the light most favorable to the verdict, to determine if a rational trier of fact could have found that the evidence established the essential elements of the offense beyond a reasonable doubt. United States v. Romero-Cruz, 201 F.3d 374, 378 (5th Cir. 2000).

"In a prosecution under [18 U.S.C.] § 513(a), the government must prove that the defendants: (1) made, uttered, or possessed (2) a counterfeit security (3) of an organization (4) with intent to deceive another person, organization, or government." United States v. Chappell, 6 F.3d 1095, 1098 (5th Cir. 1993). Under 18 U.S.C. § 371, the Government "must prove that (1) two or more persons conspired to pursue an unlawful objective; (2) the defendant knew of the unlawful objective and voluntarily agreed to join the conspiracy with the intent to further the objective; and (3) one or more of the members of the conspiracy committed an overt act in furtherance of the objective of the conspiracy." United States v. Dadi, 235 F.3d 945, 950 (5th Cir. 2000).

Luke does not argue that there was no conspiracy. Luke does not argue that none of the coconspirators committed an overt act in furtherance of the conspiracy. Luke argues that there is no evidence that he possessed counterfeit securities and that there is no evidence that he knew of the conspiracy or voluntarily joined it. Christopher Paul Smith, an admitted member of the conspiracy to cash fraudulent checks, testified that Luke handed envelopes containing fraudulent checks and identification cards to him, Smith, and another member of the conspiracy, Abel Garcia, while in Smith's presence. Smith's testimony shows unequivocally that Luke was part of the conspiracy. Luke gave Smith $2500 to purchase a cashier's check from Frost bank in Austin, Texas. Counterfeit checks were made from this $2500 cashier's check, and five of them were cashed by Luke, Smith, and Garcia, with Luke keeping most of the money. On cross-examination, Smith testified that he drove Luke and Garcia to cash counterfeit checks, that Luke and Garcia took his picture for fake identification, and that he knowingly conspired with Luke and Garcia to pass fraudulent checks. This evidence is sufficient to support Luke's conviction for conspiracy.

Luke argues for the first time on appeal that his sentence was imposed legally in light of the rule in United States v. Booker, 125 S. Ct. 738 (2005). Our review is for plain error. See United States v. Valenzuela-Quevedo, 407 F.3d 728, 732-33 (5th Cir. 2005), cert. denied, ___ S. Ct. ___ (Oct. 3, 2005) (No.

05-5556); <u>United States v. Mares</u>, 402 F.3d 511, 520 (5th Cir. 2005), <u>cert. denied</u>, ___ S. Ct. ___ (Oct. 3, 2005) (No. 04-9517).

After <u>Booker</u>, "[i]t is clear that application of the Guidelines in their mandatory form constitutes error that is plain." <u>Valenzuela-Quevedo</u>, 407 F.3d at 733. Luke argues that the error affected his substantial rights because it was structural or because prejudice should otherwise be presumed. These arguments are foreclosed. <u>See</u> <u>United States v. Malveaux</u>, 411 F.3d 558, 560 n.9 (5th Cir. 2005), <u>cert. denied</u>, ___ S. Ct. ___ (Oct. 3, 2005) (No. 05-5297).

To satisfy the plain-error test in light of <u>Booker</u>, Luke must demonstrate that his substantial rights were affected by the error. <u>United States v. Infante</u>, 404 F.3d 376, 395 (5th Cir. 2005). Luke has not made a particularized showing of an effect on his substantial rights or that the record indicates in any way that the district court would have imposed a lower sentence under an advisory sentencing scheme. Accordingly, there is no basis for concluding that the district court would have imposed a lower sentence under an advisory sentencing regime. <u>See</u> <u>Mares</u>, 402 F.3d at 522.

AFFIRMED.