United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 13, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41620
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERTO MONOTO, also known as Luis Vasquez-Perez,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(1:04-CR-577-ALL)
--------------------

Before JONES, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:*

Defendant-Appellant Roberto Monoto appeals from his guilty-plea conviction and sentence for illegally re-entering the United States after a previous deportation. Monoto was sentenced to 63 months in prison and three years of supervised release. Monoto's claims are not barred by his plea agreement.

For the first time on appeal, Monoto contends that his sentence should be vacated because it was imposed pursuant to an unconstitutional mandatory guidelines system, contrary to Booker. This is an alleged Fanfan-type error. See United States v.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Martinez-Lugo, 411 F.3d 597, 600 (5th Cir.), cert. denied, 126 S. Ct. 464 (2005). Our review is for plain error. See id.; United States v. Mares, 402 F.3d 511, 520-21 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005).

Although the application of a mandatory guidelines regime was error that was "plain," Monoto cannot carry his burden of showing that the Fanfan error affected her sentence. See Martinez-Lugo, 411 F.3d at 600. There is nothing in the record to suggest that the district court felt constrained by the mandatory guidelines in imposing Monoto's sentence. See Mares, 402 F.3d at 522; see also United States v. Bringier, 405 F.3d 310, 317 n.4 (5th Cir.) (minimum guideline sentence, without more, insufficient to carry third prong of plain-error test), cert. denied, 126 S. Ct. 264 (2005). We have rejected contentions like the one Monoto advances that the error was a "structural" one that affected the entire "framework" of the proceeding against him, and that plain-error prejudice should be presumed. See United States v. Malveaux, 411 F.3d 558, 561 n.9 (5th Cir.), cert. denied, 126 S. Ct. 194 (2005).

Monoto's challenge to the constitutionality of 8 U.S.C. § 1326(a) and (b) is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Monoto contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such contentions on the basis that Almendarez-Torres

2

remains binding.  See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  Monoto properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

Monoto's conviction and sentence are AFFIRMED.