United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 04-40106
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ERNESTO ROMERO,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:02-CR-105-1

_____

ON REMAND FROM
THE SUPREME COURT OF THE UNITED STATES

Before JONES, Chief Judge, JOLLY, and WIENER, Circuit Judges.

PER CURIAM:[*]

This court affirmed Ernesto Romero's conviction and sentence. United States v. Romero, 111 Fed. Appx. 330 (5th Cir. 2004). The Supreme Court vacated and remanded for further consideration in the light of United States v. Booker, 125 S.Ct. 738 (2005). Bolding v. United States, 125 S.Ct. 1349 (2005). We requested and received supplemental letter briefs addressing the impact of Booker.

In his supplemental brief, Romero argues that the district court's application of mandatory sentencing guidelines was

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reversible plain error. Romero acknowledges that he did not raise any <u>Booker</u>-related arguments before the district court or on direct appeal. Instead, he raised the issue for the first time in his amended petition for writ of certiorari. This court recently held that, in the absence of extraordinary circumstances, the court will not consider <u>Booker</u>-related arguments raised for the first time in a petition for a writ of certiorari. <u>United States v. Taylor</u>, 409 F.3d 675, 676 (5th Cir. 2005).

Because Romero did not raise his <u>Booker</u>-related arguments in the district court, we would have reviewed them for plain error had he raised them for the first time on direct appeal. <u>United States v. Mares</u>, 402 F.3d 511, 520 (5th Cir.), <u>cert. denied</u>, 126 S.Ct. 43 (2005). There is no plain error because, as Romero concedes, there is no evidence in the record indicating that the district court would have imposed a lesser sentence under advisory sentencing guidelines. Because Romero has not shown plain error, he cannot satisfy "the much more demanding standard for extraordinary circumstances, warranting review of an issue raised for the first time in a petition for certiorari". <u>Taylor</u>, 409 F.3d at 677.

Alternatively, Romero contends that application of the plain error standard is inappropriate because it would have been futile for him to have objected to application of the mandatory guidelines in the light of Fifth Circuit precedent existing at the time of his sentencing, or because the remedial portion of <u>Booker</u> was novel and

2

unforeseeable at the time of his sentencing.  As he acknowledges, these arguments are foreclosed by this court's decision in <u>Mares</u>.

Finally, Romero contends that the <u>Booker</u> error was structural and that prejudice should be presumed.  This contention is also foreclosed by <u>Mares</u>.  <u>See</u> <u>United States v. Martinez-Lugo</u>, 411 F.3d 597, 601 (5th Cir.), <u>cert. denied</u>, 126 S.Ct. 464 (2005); <u>United States v. Malveaux</u>, 411 F.3d 558, 561 n.9 (5th Cir.), <u>cert. denied</u>, 126 S.Ct. 194 (2005).

For the foregoing reasons, we conclude that nothing in the Supreme Court's <u>Booker</u> decision requires us to change our prior affirmance in this case.  We therefore reinstate our judgment affirming Romero's conviction and sentence.

JUDGMENT REINSTATED.