United States Court of Appeals

Fifth Circuit

**F I L E D**

**February 23, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40151
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE PAREDES-GARCIA, also known as Jose Plarales,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:04-CR-744-ALL
--------------------

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jose Paredes-Garcia (Paredes) appeals his guilty-plea conviction and sentence for illegally reentering the United States after a previous deportation, in violation of 8 U.S.C. § 1326. Paredes was sentenced to 41 months in prison and two years of supervised release. We need not decide whether Paredes's appeal is barred by his plea agreement because his issues are either foreclosed or lack arguable merit.

For the first time on appeal, Paredes contends that his sentence should be vacated because it was imposed pursuant to an

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

unconstitutional mandatory sentencing guidelines regime, contrary to United States v. Booker, 543 U.S. 220 (2005). This is an alleged "Fanfan" error. See United States v. Martinez-Lugo, 411 F.3d 597, 600 (5th Cir.), cert. denied, 126 S. Ct. 464 (2005). This court's review is for plain error. See id.; United States v. Mares, 402 F.3d 511, 520-21 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005).

Although the application of a mandatory guidelines regime was error that was "plain," Paredes concedes that he cannot carry his burden of showing that the "Fanfan" error affected his sentence. See Martinez-Lugo, 411 F.3d at 600. There is nothing in the record to suggest that the district court felt constrained by the mandatory Guidelines in imposing the sentence. See Mares, 402 F.3d at 522; see also United States v. Bringier, 405 F.3d 310, 317 n.4 (5th Cir.) (minimum guideline sentence, without more, insufficient to carry third prong of plain-error test), cert. denied, 126 S. Ct. 264 (2005). Insofar as Paredes argues that the error was a "structural" one that affected the entire "framework" of the proceeding against him, and that plain-error prejudice should be presumed, we have rejected such contentions. See United States v. Malveaux, 411 F.3d 558, 561 n.9 (5th Cir.), cert. denied, 126 S. Ct. 194 (2005). Paredes raises the "Fanfan" claim only to preserve it for further review.

Paredes's challenge to the constitutionality of § 1326(a) and (b) is foreclosed by Almendarez-Torres v. United States, 523

U.S. 224, 235 (1998). Although Paredes contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Paredes properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

The district court's judgment is AFFIRMED.