United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 11, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41603
Conference Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

LUIS ALBERTO GUEVARA, also known as Marco Antonio
Buchid-Villanueva,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-568-ALL
--------------------

Before JONES, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

PER CURIAM:[*]

    Luis Alberto Guevara appeals his guilty-plea conviction and
sentence for being an alien found unlawfully present in the
United States after deportation and following a conviction for
an aggravated felony offense.  He contends for the first time on
appeal that his sentence violates <u>United States v. Booker</u>, 543
U.S. 220 (2005), because it was imposed pursuant to a mandatory
guidelines scheme, and that the "felony" and "aggravated felony"
provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The Government seeks to enforce the waiver-of-appeal provision in Guevara's plea agreement. Due to a difference between the written terms of the waiver-of-appeal provision and statements by the district court regarding the scope of this waiver, we decline to enforce it and proceed to the merits of Guevara's appeal.

Because Guevara did not preserve his claims before the district court, we review only for plain error. See United States v. Mares, 402 F.3d 511, 520 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005). Guevara's Booker claim fails because he has not shown that any error affected his substantial rights. See United States v. Pennell, 409 F.3d 240, 245 (5th Cir. 2005); Mares, 402 F.3d at 521. The fact that Guevara was sentenced at the lowest end of the guidelines range does not indicate that his sentence would likely have been different under advisory Guidelines. See United States v. Bringier, 405 F.3d 310, 317-18 & n.4. (5th Cir. 2005), cert. denied, 126 S. Ct. 264 (2005). Additionally, his contention that the district court's error is structural and that prejudice should be presumed is without merit. See United States v. Malveaux, 411 F.3d 558, 561 n.9 (5th Cir. 2005), cert. denied, 126 S. Ct. 194 (2005). Because he has not established plain error, Guevara's sentence is affirmed.

Guevara's constitutional challenge to the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) is foreclosed by Almendarez-Torres v. United States, 523 U.S.

224, 235 (1998).  Although Guevara contends that

Almendarez-Torres was incorrectly decided and that a majority of

the Supreme Court would overrule Almendarez-Torres in light of

Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly

rejected such arguments on the basis that Almendarez-Torres

remains binding.  See United States v. Garza-Lopez, 410 F.3d 268,

276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  Guevara

properly concedes that his argument is foreclosed in light of

Almendarez-Torres and circuit precedent, but he raises it here to

preserve it for further review.

The judgment of the district court is AFFIRMED.